# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-99-00815-CR

**The State of Texas, Appellant**

**v.**

**Thomas Jarod Nash, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
## NO. 20,041-CR, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING

The State appeals an order of the district court granting appellee Thomas Jarod Nash's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2001). We reversed the district court's suppression order on original submission. *State v. Nash*, No. 03-99-00815-CR (Tex. App.—Austin Sep. 14, 2000) (op. on reh'g) (not designated for publication). The court of criminal appeals granted Nash's petition for discretionary review, vacated our judgment, and remanded the cause for reconsideration in light of *State v. Ross*, 32 S.W.3d 853 (Tex. Crim. App.

2000). *State v. Nash*, No. 1980-00 (Tex. Crim. App. Apr. 11, 2001) (not designated for publication).[1] We will now affirm the district court's order.

On the night of August 20, 1999, Nash's car was stopped by Texas Department of Public Safety troopers Jimmy Morgan and Earnest Del Bosque. During a search of the car following the stop, the troopers found controlled substances. After he was indicted for possession of the substances, Nash filed a motion to suppress the evidence urging that both the initial stop and the subsequent search were unlawful.

At the suppression hearing, the officers testified that Nash was stopped because they believed his car window tint was too dark. *See* Tex. Transp. Code Ann. § 547.613(a)(2) (West 1999). Almost immediately after the stop, Nash exited the vehicle and was patted down by Morgan. While Morgan talked with Nash, Del Bosque tested the windows with a tint meter. According to the testimony, the tint on Nash's windows failed to comply with statutory requirements. In addition, the officers discovered that Nash was driving without a license and that his vehicle inspection sticker had expired. Morgan recognized Nash's passenger, Omar Clark, whom he had previously arrested for possession of a controlled substance. After a warrants check, the troopers learned that Clark had outstanding warrants for his arrest in Dallas County.

Morgan asked Nash if there were drugs in the car and asked for consent to search the vehicle. Morgan testified that Nash consented to the search. Nash testified that he did not remember

---

[1] The parties were invited to file supplemental briefs on remand. Nash did so, but the State did not.

2

if he consented. Upon searching Nash's vehicle, the troopers found cocaine under the back seat and arrested Nash for possession.

At the conclusion of the hearing, the district court granted the motion to suppress. The court announced its findings of fact and conclusions of law orally, and they are transcribed in the reporter's record as follows:

> The Court finds that the night of August 20th, 1999 was a hot summer night in Milam County, Texas.
>
> The Court finds that the air conditioner in the Defendant's automobile was inoperative.
>
> The Court finds that the windows in the Defendant's automobile were at least half way down prior to the stop, search and arrest in question.
>
> The Court finds that the window tint on the windows of the Defendant's automobile complied with applicable state law as evidenced by State Exhibit 1, a photograph of the Defendant's car and the seal of compliance affixed to the Defendant's car windows.[2] That is additionally, buttressed by Trooper Chandler's testimony that there was no obvious illegal window tinting on July 30th, 1999.[3]
>
> The Court finds that the arresting officer, Jimmy Morgan, had one prior arrest and one prior unfruitful stop of Omar Clark, the passenger in the Defendant's automobile.
>
> The Court finds that Trooper Jimmy Morgan recognized Omar Clark as a passenger in the Defendant's automobile and confirmed his recognition by driving up beside the Defendant's automobile on the highway and having a spotlight focused on the Defendant Omar Clark.

---

[2] *See* Tex. Transp. Code Ann. § 547.613(b)(11) (West 1999).

[3] Chandler testified that he had stopped Nash's car and issued tickets for speeding and other offenses. He said he did not check the window tint or notice any obvious window tint violation.

3

The Court finds that immediately after the identification of Omar Clark was confirmed, Trooper Jimmy Morgan stopped the Defendant's automobile, searched the Defendant, his automobile and his passenger.

The Court concludes as a matter of law that the stopping of the Defendant was a pretexted [*sic*] stop. That the reason given for the stop, that is the illegal window tint, was a subterfuge.[4]

The Court finds there was no probable cause to stop the Defendant.[5]

The Court finds that any consent given by the Defendant was a mere acquiescence to authority, was not an informed consent.

Therefore, the Court rules that all evidence obtained from the unlawful stop and subsequent search and arrest is inadmissible in evidence and the Motion to Suppress is granted.

In reviewing a ruling on a motion to suppress, we must defer to the trial court's factual determinations. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We may review de novo the trial court's rulings on mixed questions of law and fact unless the resolution of a question

---

[4] A pretextual seizure is one effectuated for an ulterior motive. *Crittenden v. State*, 899 S.W.2d 668, 671 (Tex. Crim. App. 1995). Under the objective approach towards claims of a pretextual seizure, a seizing officer's subjective motivation in effectuating a seizure is deemed irrelevant to the determination of whether the seizure was reasonable. *Id.* This approach is "nothing more than the complete abandonment of any sort of pretext doctrine." *Id.* An objectively valid traffic stop is not unlawful just because the detaining officers had some ulterior motive for making it. *Id.* at 674.

[5] Circumstances short of probable cause may justify a temporary detention for the purpose of investigation. *Garza v. State*, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989). A police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).

4

turns on an evaluation of credibility and demeanor, in which case we must also defer to the trial court. *Id.*

If the trial court does not make explicit findings of fact, we review the evidence in the light most favorable to the court's ruling and assume the court made findings that are supported by the record and buttress its conclusion. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). But what if the undisputed evidence does not support the trial court's ruling? That was the issue raised in *Ross*.

In *Ross*, an alcoholic beverage agent was the only witness to testify at the hearing on the defendant's motion to suppress. 32 S.W.3d at 854. The agent's testimony, if believed, demonstrated that he had reasonable suspicion to detain the defendant and probable cause to later arrest and search the defendant. *Id.* at 857. The trial court granted the motion to suppress without making findings of fact. *Id.* at 854. The court of criminal appeals wrote:

> We see two possible theories upon which the trial court's ruling may rest, either the testimony of the agent was credible, but the facts established by that testimony do not constitute probable cause (or reasonable suspicion for the initial detention); or the trial court did not find the testimony of the agent to be credible. Because . . . Agent Darnell's testimony (if believed) added up to reasonable suspicion for the initial stop and probable cause for the eventual arrest, we will not presume that the trial court impliedly found that the facts simply did not add up to reasonable suspicion or probable cause; to do so would be to presume error. The trial court, however, was free to disbelieve all of the agent's testimony. As the sole trier of fact and judge of credibility, the trial court was not compelled to believe the agent's testimony, even if uncontroverted, based on credibility and demeanor. Because the evidence, if believed, would compel a denial of the motion to suppress, the record supports the second theory that the trial court did not find the agent's testimony to be credible based on demeanor, appearance, and tone.

5

*Id*. at 856-57 (footnote omitted). The court added that because the "scenario is a mixed question of law and fact, the resolution of which turns on an evaluation of credibility and demeanor," the proper standard of review was "'almost total deference' to the trial ruling." *Id*. at 856 (quoting *Guzman*, 955 S.W.2d at 89) (footnote omitted).

The cause before us differs from *Ross* because the district court made findings of fact and conclusions of law for the record. The findings and conclusions do not specifically address the question of whether the officers had an objectively reasonable basis for stopping Nash's car. The findings that Nash's window tint was lawful and that the officers had an ulterior motive for the stop, while relevant considerations, do not foreclose a finding of reasonable suspicion. Nevertheless, it is clear from the overall tone of the findings that the district court disbelieved the officers' testimony that they stopped Nash to investigate a suspected window tint violation. Instead, the court clearly believed that the officers stopped Nash solely for the purpose of searching Nash and Clark.

We may not presume error when there is a viable legal theory that supports the trial court's ruling. *Id.* at 858. The only theory that supports the district court's ruling is that the court did not believe the officers' testimony. The court's findings and conclusions do not foreclose the application of this theory. We must therefore defer to the district court's ruling, which turned on an evaluation of the credibility of the witnesses. *Id*. at 856; *Guzman*, 955 S.W.2d at 89. Because we sustain the district court's ruling on the impropriety of the initial stop, we do not reach the issue of Nash's consent to search.

6

The district court's order granting Nash's motion to suppress is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed:   July 26, 2001

Publish