# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-01-00234-CR
===============


**The State of Texas, Appellant**

**v.**

**Georgia Lee, Appellee**


=========================================================================
**FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY**
**NO. 550,398, HONORABLE CLAUDE D. DAVIS, JUDGE PRESIDING**
=========================================================================


Following her arrest for driving while intoxicated ("DWI"), Georgia Anne Lee filed a motion to suppress evidence. The trial court granted Lee's motion. The State appeals the decision of the trial court. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2001). We will affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 11:30 p.m. on September 18, 1999, Austin Police Department Officer Noel Guerin was dispatched to the scene of a two-car collision. Upon arriving at the scene, Guerin observed that the accident involved a white Dodge Dakota pickup and another vehicle. He determined that both vehicles were drivable as the rear-end collision only caused minor damage. Guerin asked the drivers to move their vehicles to a nearby parking lot. Once safely in the parking lot, Guerin began investigating the collision. During his initial questioning, Guerin observed that Lee,

the driver of the pickup, smelled of alcohol. Furthermore, she was leaning on a vehicle and was not responsive to questions. Minutes later, Officer Michael Ottensmeier arrived at the scene to assist Guerin in the investigation.

Guerin told Ottensmeier that he suspected Lee was intoxicated. Guerin asked Ottensmeier to investigate Lee for possible DWI charges while Guerin continued investigating the collision. As part of his normal investigatory routine, Ottensmeier checked Lee's record and learned that she had previously been arrested for DWI. Ottensmeier questioned Lee about how the accident occurred. Lee stated that she failed to stop in time and ran into the other car, however, she was reluctant to provide many details. She admitted that she had been drinking, but contended that she was not so intoxicated as to prevent her from safely driving home. Ottensmeier asked Lee several times if she would perform field sobriety tests and each time she refused. He then arrested Lee and took her to the police station. At the station, she was videotaped and again refused to perform any sobriety tests. Lee was later charged with DWI.

Prior to trial, Lee filed a motion to suppress all evidence related to her arrest. She claimed that the arrest was without a lawful warrant and without any requisite warrantless justification. Specifically, Lee contended that Ottensmeier lacked probable cause to arrest her because there was insufficient credible evidence to establish that she was intoxicated.

Officer Ottensmeier testified at an administrative license revocation hearing on November 16, 1999. There, Ottensmeier stated that at the time of Lee's arrest he believed she "was under the influence of an alcoholic beverage to the extent that she didn't need to be behind the wheel of an automobile," but she was "not dangerous to herself or others to the extent of a public

2

intoxicated person." However, at the subsequent motion to suppress hearing, Ottensmeier testified, "oh, I knew I would have arrested her for public intoxication." Guerin testified at the suppression hearing, stating, "I feel she was extremely intoxicated." However, he then testified that he "*suspected* that she was intoxicated." (Emphasis added.) Lee contended that the internal contradictions in the testimony of both officers and the inconsistencies between the two showed the lack of credible evidence to support a probable cause finding of intoxication.

With this conflicting testimony before the trial court, the judge granted the motion to suppress. When the State requested the trial court to make findings of fact and conclusions of law, the judge made the following statement of findings on the record:

> I found contradictions in the testimony. Found what I thought might be bias in the testimony. And it just—it's my job as the finder of fact to weigh the facts that I hear and the credibility of the witnesses. I think the officers are credible people, but I don't think the testimonies jibe either internally with each one and certainly between the two. That's the bases I've rendered it on.

The State also requested a finding of fact with respect to whether Lee was intoxicated. The judge declined, stating that he was unable to make such a finding because the testimony was "very inconsistent on whether or not they believed she was intoxicated or not." The State did not ask the judge to specify the inconsistencies in the testimony of the two officers, nor did the State attempt to clarify the "bias" which the judge found in the testimony. In the final written order granting the motion, the trial court stated that there was "insufficient credible evidence for a valid arrest."

3

**DISCUSSION**

At issue in this appeal is whether Lee's warrantless arrest was legal.[1]  The State

contends that the arrest was legal on several alternative grounds, including (1) that the officers had

probable cause to arrest Lee for intoxication, (2) that Lee was arrested in a "suspicious place," and

(3) that Lee was arrested for the traffic offense of failure to maintain an assured safe distance.  Lee

responds that there was inconsistent and insufficient credible evidence regarding whether she was

intoxicated, that the arrest scene was not a "suspicious place," and that the State waived its final

justification by failing to present it to the trial court.

The State further asserts that the appropriate standard of review for this case is *de

novo* because probable cause is a mixed question of law and fact that does not turn on an evaluation

of the credibility and demeanor of the State's witnesses.  *See Guzman v. State*, 955 S.W.2d 85, 89

---

[1]  While a warrant is generally required for an arrest the following statutory provisions provide examples of when a warrantless arrest is permitted:

Article 14.01(b) provides:

A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.

Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2001).

Article 14.03(a)(1) provides:

Any peace officer may arrest, without warrant: persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 49.02, Penal Code, or threaten, or are about to commit some offense against the laws.

Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 2001).

4

(Tex. Crim. App. 1997). Lee rejects this characterization and argues that the correct standard of review is one of "almost total deference" because the probable cause determination here is a mixed question of law and fact that necessarily turns on an evaluation of credibility and demeanor. *Id*.; *see also State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

**Standard of Review**

In *Guzman,* the Texas Court of Criminal Appeals discussed three different appellate situations and the applicable standard of review for each. The first situation involves the review of a trial court's fact findings that are based upon an evaluation of credibility and demeanor. In this type of situation, the appellate court should afford "almost total deference" to the trial court's findings. The second situation involves the review of a trial court's determinations of mixed questions of law and fact where the resolution of those questions turns on an evaluation of credibility and demeanor. Here, the appellate court must also apply an "almost total deference" standard to the trial court's findings. The final situation involves the review of a trial court's determinations of mixed questions of law and fact where the resolution is not dependant upon an evaluation of credibility and demeanor, but rather depends upon the application of legal principles. In this last group of cases appellate courts should conduct *de novo* review. These three standards of review are designed to reaffirm the long-standing rule that appellate courts should show "almost total deference" to a trial court's findings, particularly when those findings are based upon an evaluation of credibility and demeanor. *Guzman,* 955 S.W.2d at 89.

The *Guzman* distinctions were further explained by the court of criminal appeals in *Ross*. There, the defendant was arrested for public intoxication and filed a motion to suppress the

5

evidence claiming there was no probable cause for his arrest. At the suppression hearing, the only testifying witness was the arresting officer. On its face, the officer's testimony showed that he had probable cause. The trial court nevertheless granted the motion to suppress, making no findings of fact or conclusions of law to explain the basis for the decision. The court of criminal appeals affirmed the order, holding that the only permissible conclusion supported by the record was that the court did not believe the officer's testimony. Accordingly, the appellate court classified this scenario as a mixed question of law and fact where resolution turns on credibility and demeanor and applied an "almost total deference" standard of review. *See Ross,* 32 S.W.3d at 856.

Recently, this Court decided a case that presented questions of fact and law that are similar to those in the present case. *See State v. Nash,* No. 03-99-00815-CR, 2001 Tex. App. LEXIS 5057, (Tex. App.—Austin July 26, 2001). In *Nash,* the defendant's car was stopped, allegedly because his window tint violated applicable statutory standards, and subsequently searched. Nash filed a motion to suppress all the evidence obtained from the search, arguing that because there was no valid reason to stop his vehicle, the subsequent search was illegal. The district court evaluated the credibility of the arresting officer's testimony, found inconsistencies within it, and granted the suppression motion. We applied *Guzman* and *Ross* to that case and found that the appropriate standard of review was "almost total deference," because the only theory that supported the court's ruling was that the court did not believe the arresting officer's testimony. We found the ruling to be within the trial court's discretion and affirmed.

We believe *Nash, Guzman* and *Ross* govern our standard of review in this case. Accordingly, we conclude that the "almost total deference" standard is appropriate because this case

6

involves mixed questions of law and fact depending exclusively on the trial court's evaluation of the credibility and demeanor of the officers' testimony. Just as in *Ross*, the only evidence presented to the trial court in this case was the officers' testimony. Thus, the trial court was required to evaluate the officers' credibility and demeanor in determining whether there was probable cause to arrest Lee. When reviewing such findings, appellate courts must use the "almost total deference" standard of review from *Guzman*. However, unlike *Ross* where the appellate court had no findings from which it could determine the basis upon which the motion was granted, we have the findings made by the trial court on the record to guide us.

## Probable Cause

The officer's testimony, if believed, showed probable cause to arrest Lee for public intoxication. *See Carrasco v. State,* 712 S.W.2d 120, 122 (Tex. Crim. App. 1986); *Nottingham v. State,* 908 S.W.2d 585, 592 (Tex. App.—Austin 1995, pet. ref'd). The trial court explicitly stated, however, that there was "insufficient *credible* evidence" to establish that the arresting officer had probable cause to arrest. (Emphasis added.) Further, we have findings on the record where the judge observed inconsistencies in the officers' testimony. Clearly the trial court did not find the testimony regarding Lee's intoxication to be credible. Because the court's ruling turned on its evaluation of the credibility of the testimony, we must defer to it. *Guzman,* 955 S.W.2d at 89; *Ross,* 32 S.W.3d at 856.

## Suspicious Places

As a secondary basis to justify the warrantless arrest, the State relies on the theory that the place of arrest—the hotel parking lot—was a "suspicious place." Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 2001). Article 14.03(a)(1) authorizes the warrantless arrest of persons found in suspicious places and under suspicious circumstances which establish probable cause that the person is guilty of, among other things, public intoxication.

As we have already explained, we must defer to the trial court's determination that the officers did not have probable cause to believe Lee was intoxicated. There is no evidence that Lee was guilty of any other offense to which article 14.03 applies. Under the circumstances, the warrantless arrest cannot be justified by article 14.03.

## Following Distance Violation

As a final justification for the warrantless arrest, the State claims that the arrest was proper because Lee was following too closely. Tex. Transp. Code Ann. §§ 543.001, 545.062(a) (West 1999). In order to present a complaint to an appellate court, the complaining party must have made a timely request to the trial court that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. 33.1(a)(1). Having failed to advance this theory to the trial court, the State has waived this as a basis to justify the warrantless arrest.

8

## CONCLUSION

We reject the State's warrantless arrest justifications and affirm the trial court's order granting Lee's motion to suppress.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   December 6, 2001

Do Not Publish