TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00234-CR







The State of Texas, Appellant



v.



Georgia Anne Lee, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY 

NO. 550,398, HONORABLE CLAUDE D. DAVIS, JUDGE PRESIDING





 

 Following her arrest for driving while intoxicated ("DWI"), Georgia Anne Lee filed
a motion to suppress evidence. The trial court granted Lee's motion. The State appeals the decision
of the trial court. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2001). We will affirm
the trial court's order. 


FACTUAL AND PROCEDURAL BACKGROUND

 At approximately 11:30 p.m. on September 18, 1999, Austin Police Department
Officer Noel Guerin was dispatched to the scene of a two-car collision. Upon arriving at the scene,
Guerin observed that the accident involved a white Dodge Dakota pickup and another vehicle. He
determined that both vehicles were drivable as the rear-end collision only caused minor damage. 
Guerin asked the drivers to move their vehicles to a nearby parking lot. Once safely in the parking
lot, Guerin began investigating the collision. During his initial questioning, Guerin observed that
Lee, the driver of the pickup, smelled of alcohol. Furthermore, she was leaning on a vehicle and was
not responsive to questions. Minutes later, Officer Michael Ottensmeier arrived at the scene to assist
Guerin in the investigation.

 Guerin told Ottensmeier that he suspected Lee was intoxicated. Guerin asked
Ottensmeier to investigate Lee for possible DWI charges while Guerin continued investigating the
collision. As part of his normal investigatory routine, Ottensmeier checked Lee's record and learned
that she had previously been arrested for DWI. Ottensmeier questioned Lee about how the accident
occurred. Lee stated that she failed to stop in time and ran into the other car, however, she was
reluctant to provide many details. She admitted that she had been drinking, but contended that she
was not so intoxicated as to prevent her from safely driving home. Ottensmeier asked Lee several
times if she would perform field sobriety tests and each time she refused. He then arrested Lee and
took her to the police station. At the station, she was videotaped and again refused to perform any
sobriety tests. Lee was later charged with DWI.

 Prior to trial, Lee filed a motion to suppress all evidence related to her arrest. She
claimed that the arrest was without a lawful warrant and without any requisite warrantless
justification. Specifically, Lee contended that Ottensmeier lacked probable cause to arrest her
because there was insufficient credible evidence to establish that she was intoxicated. 

 Officer Ottensmeier testified at an administrative license revocation hearing on
November 16, 1999. There, Ottensmeier stated that at the time of Lee's arrest he believed she "was
under the influence of an alcoholic beverage to the extent that she didn't need to be behind the wheel
of an automobile," but she was "not dangerous to herself or others to the extent of a public
intoxicated person." However, at the subsequent motion to suppress hearing, Ottensmeier testified,
"oh, I knew I would have arrested her for public intoxication." Guerin testified at the suppression
hearing, stating, "I feel she was extremely intoxicated." However, he then testified that he
"suspected that she was intoxicated." (Emphasis added.) Lee contended that the internal
contradictions in the testimony of both officers and the inconsistencies between the two showed the
lack of credible evidence to support a probable cause finding of intoxication. 

 With this conflicting testimony before the trial court, the judge granted the motion
to suppress. When the State requested the trial court to make findings of fact and conclusions of law,
the judge made the following statement of findings on the record:

I found contradictions in the testimony. Found what I thought might be bias in the
testimony. And it just--it's my job as the finder of fact to weigh the facts that I hear
and the credibility of the witnesses. I think the officers are credible people, but I
don't think the testimonies jibe either internally with each one and certainly between
the two. That's the bases I've rendered it on. 



The State also requested a finding of fact with respect to whether Lee was intoxicated. The judge
declined, stating that he was unable to make such a finding because the testimony was "very 
inconsistent on whether or not they believed she was intoxicated or not." The State did not ask the
judge to specify the inconsistencies in the testimony of the two officers, nor did the State attempt to
clarify the "bias" which the judge found in the testimony. In the final written order granting the
motion, the trial court stated that there was "insufficient credible evidence for a valid arrest." 





DISCUSSION


 At issue in this appeal is whether Lee's warrantless arrest was legal. (1) The State
contends that the arrest was legal on several alternative grounds, including (1) that the officers had
probable cause to arrest Lee for intoxication, (2) that Lee was arrested in a "suspicious place," and
(3) that Lee was arrested for the traffic offense of failure to maintain an assured safe distance. Lee
responds that there was inconsistent and insufficient credible evidence regarding whether she was
intoxicated, that the arrest scene was not a "suspicious place," and that the State waived its final
justification by failing to present it to the trial court. 

 The State further asserts that the appropriate standard of review for this case is de
novo because probable cause is a mixed question of law and fact that does not turn on an evaluation
of the credibility and demeanor of the State's witnesses. See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). Lee rejects this characterization and argues that the correct standard of
review is one of "almost total deference" because the probable cause determination here is a mixed
question of law and fact that necessarily turns on an evaluation of credibility and demeanor. Id.; see
also State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). 


Standard of Review

 In Guzman, the Texas Court of Criminal Appeals discussed three different appellate
situations and the applicable standard of review for each. The first situation involves the review of
a trial court's fact findings that are based upon an evaluation of credibility and demeanor. In this
type of situation, the appellate court should afford "almost total deference" to the trial court's
findings. The second situation involves the review of a trial court's determinations of mixed
questions of law and fact where the resolution of those questions turns on an evaluation of credibility
and demeanor. Here, the appellate court must also apply an "almost total deference" standard to the
trial court's findings. The final situation involves the review of a trial court's determinations of
mixed questions of law and fact where the resolution is not dependant upon an evaluation of
credibility and demeanor, but rather depends upon the application of legal principles. In this last
group of cases appellate courts should conduct de novo review. These three standards of review are
designed to reaffirm the long-standing rule that appellate courts should show "almost total
deference" to a trial court's findings, particularly when those findings are based upon an evaluation
of credibility and demeanor. Guzman, 955 S.W.2d at 89. 

 The Guzman distinctions were further explained by the court of criminal appeals in 
Ross. There, the defendant was arrested for public intoxication and filed a motion to suppress the
evidence claiming there was no probable cause for his arrest. At the suppression hearing, the only
testifying witness was the arresting officer. On its face, the officer's testimony showed that he had
probable cause. The trial court nevertheless granted the motion to suppress, making no findings of
fact or conclusions of law to explain the basis for the decision. The court of criminal appeals
affirmed the order, holding that the only permissible conclusion supported by the record was that the
court did not believe the officer's testimony. Accordingly, the appellate court classified this scenario
as a mixed question of law and fact where resolution turns on credibility and demeanor and applied
an "almost total deference" standard of review. See Ross, 32 S.W.3d at 856. 

 Recently, this Court decided a case that presented questions of fact and law that are
similar to those in the present case. See State v. Nash, No. 03-99-00815-CR, 2001 Tex. App. LEXIS
5057, (Tex. App.--Austin July 26, 2001). In Nash, the defendant's car was stopped, allegedly
because his window tint violated applicable statutory standards, and subsequently searched. Nash
filed a motion to suppress all the evidence obtained from the search, arguing that because there was
no valid reason to stop his vehicle, the subsequent search was illegal. The district court evaluated
the credibility of the arresting officer's testimony, found inconsistencies within it, and granted the
suppression motion. We applied Guzman and Ross to that case and found that the appropriate
standard of review was "almost total deference," because the only theory that supported the court's
ruling was that the court did not believe the arresting officer's testimony. We found the ruling to be
within the trial court's discretion and affirmed. 

 We believe Nash, Guzman and Ross govern our standard of review in this case. 
Accordingly, we conclude that the "almost total deference" standard is appropriate because this case
involves mixed questions of law and fact depending exclusively on the trial court's evaluation of the
credibility and demeanor of the officers' testimony. Just as in Ross, the only evidence presented to
the trial court in this case was the officers' testimony. Thus, the trial court was required to evaluate
the officers' credibility and demeanor in determining whether there was probable cause to arrest Lee. 
When reviewing such findings, appellate courts must use the "almost total deference" standard of
review from Guzman. However, unlike Ross where the appellate court had no findings from which
it could determine the basis upon which the motion was granted, we have the findings made by the
trial court on the record to guide us. 


Probable Cause

 The officer's testimony, if believed, showed probable cause to arrest Lee for public
intoxication. See Carrasco v. State, 712 S.W.2d 120, 122 (Tex. Crim. App. 1986); Nottingham v.
State, 908 S.W.2d 585, 592 (Tex. App.--Austin 1995, pet. ref'd). The trial court explicitly stated,
however, that there was "insufficient credible evidence" to establish that the arresting officer had
probable cause to arrest. (Emphasis added.) Further, we have findings on the record where the judge
observed inconsistencies in the officers' testimony. Clearly the trial court did not find the testimony
regarding Lee's intoxication to be credible. Because the court's ruling turned on its evaluation of
the credibility of the testimony, we must defer to it. Guzman, 955 S.W.2d at 89; Ross, 32 S.W.3d
at 856. 




Suspicious Places

 As a secondary basis to justify the warrantless arrest, the State relies on the theory that
the place of arrest--the hotel parking lot--was a "suspicious place." Tex. Code Crim. Proc. Ann.
art. 14.03(a)(1) (West Supp. 2001). Article 14.03(a)(1) authorizes the warrantless arrest of persons
found in suspicious places and under suspicious circumstances which establish probable cause that
the person is guilty of, among other things, public intoxication. 

 As we have already explained, we must defer to the trial court's determination that
the officers did not have probable cause to believe Lee was intoxicated. There is no evidence that
Lee was guilty of any other offense to which article 14.03 applies. Under the circumstances, the
warrantless arrest cannot be justified by article 14.03. 


Following Distance Violation

 As a final justification for the warrantless arrest, the State claims that the arrest was
proper because Lee was following too closely. Tex. Transp. Code Ann. §§ 543.001, 545.062(a)
(West 1999). In order to present a complaint to an appellate court, the complaining party must have
made a timely request to the trial court that "stated the grounds for the ruling that the complaining
party sought from the trial court with sufficient specificity to make the trial court aware of the
complaint." Tex. R. App. 33.1(a)(1). Having failed to advance this theory to the trial court, the State
has waived this as a basis to justify the warrantless arrest. 







CONCLUSION


 We reject the State's warrantless arrest justifications and affirm the trial court's order
granting Lee's motion to suppress.



 Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: December 6, 2001

Do Not Publish
1. While a warrant is generally required for an arrest the following statutory provisions
provide examples of when a warrantless arrest is permitted:


 Article 14.01(b) provides:


A peace officer may arrest an offender without a warrant for any offense committed
in his presence or within his view. 


Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2001). 


 Article 14.03(a)(1) provides:


Any peace officer may arrest, without warrant: persons found in suspicious places
and under circumstances which reasonably show that such persons have been guilty
of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or
offense under Section 49.02, Penal Code, or threaten, or are about to commit some
offense against the laws.


Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 2001).