NO. 07-06-0093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2007
_____

MICHAEL D. PHILLIPS AKA ANDRICK ADAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-407958; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael D. Phillips a/k/a Andrick Adams, appeals his conviction for possession of a controlled substance, cocaine, of more than 4 grams but less than 200 grams, with intent to distribute. Appellant was sentenced to 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

## Factual and Procedural Background

Appellant was arrested when Lubbock Police responded to an anonymous call that someone was "messing with construction equipment" in the 2100 block of 56th Street. Officers responded and found that the street was closed to traffic with a six foot chain link fence erected in the middle of the street around construction equipment and the construction site. A car was parked next to the fence and appellant was observed walking on the outside of the fence toward the vehicle. One officer parked his car in a manner to block appellant's car and got out and approached appellant while appellant was seated in his car with the windows up. The officer knocked on the window in an effort to get the appellant to talk to him. Appellant did not respond but continued to talk on his cell phone. After knocking on the windows two or three more times, the officer gave clear orders for the appellant to step from his vehicle. Appellant obeyed and was questioned about his presence at the site. Appellant's answers were vague as he could not name the friends he was visiting nor give the address of the house. Appellant did indicate that the house was just down the street. Appellant and the police went to the location indicated by appellant but no one would answer the door. Eventually, the officers requested identification and appellant produced a Texas Tech University identification in the name of "Andrick Adams." Upon checking the name on the identification for warrants, it was learned that there was an outstanding Department of Public Safety warrant. The police arrested appellant and while conducting a search of appellant's person, incident to arrest, located a small plastic bag that contained what was later identified as cocaine.

Appellant was subsequently indicted for the possession of a controlled substance with intent to distribute within a drug free zone. Appellant had filed a motion to suppress in the original case. That case was subsequently dismissed and appellant was re-indicted. However, appellant's motion to suppress does not appear in the clerk's record in the subsequent indictment. Appellant waived a jury trial and was found guilty of the lesser included offense after a bench trial. During the bench trial, appellant objected to the admission of the evidence claiming it was seized illegally under the fourth amendment and fourteenth amendment to the United States Constitution, Article 1, Sections 9, 10, and 19 of the Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure. The trial court overruled the objections and admitted the evidence.

By one issue, appellant contends that the trial court erred in admitting the evidence of the drugs seized from appellant. Appellant contends that the seizure was the result of an illegal detention and, therefore, the evidence was subject to exclusion.

Analysis

Both parties correctly identify abuse of discretion as the appropriate standard of review when reviewing a trial court's admission of evidence. Davis v. State, 61 S.W.3d 94, 96 (Tex.App.–Amarillo 2001, no pet.). A trial court abuses its discretion when its opinion falls outside the zone of reasonable disagreement. Id. at 96-97. We give almost total deference to the trial court's determination of historical facts and review the application of the law to the facts *de novo*. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Since the trial court made no findings of historical facts, we will

review the evidence in a light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported in the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). Finally, if the trial court's decision is correct on any theory of law applicable to the case, the decision will be sustained. State v. Ross, 32 S.W.3d 853, 855-56 (Tex.Crim.App. 2000).

At the outset we observe that appellant contends that the trial court erred in overruling his motion to suppress. However, appellant is in error for there was no motion to suppress before the trial court. Even though counsel for appellant referenced the motion to suppress filed in the original cause when making his objection, the motion was not carried forward in the re-indicted case. Therefore, the purported motion to suppress was not part of the record brought forward on appeal and thus, nothing has been preserved for appeal via the motion to suppress. See TEX. R. APP. P. 33.1.

Next, the State contends that the objection made by appellant at the time the evidence was first offered was generic and, therefore, did not preserve error. We need not rule on that matter to properly decide this case and, therefore, elect to issue no opinion on that question. However, we will assume, *arguendo*, that the issue was preserved.

Even with that assumption, the evidence was still properly considered because of the discovery of the outstanding warrant for the arrest of Andrick Adams, the name and identification provided by appellant to the police. As this court has previously noted, the discovery of an outstanding warrant during an illegal detention of an individual breaks the connection between the discovered evidence and any taint associated with the initial

4

detention. <u>Fletcher v. State</u>, 90 S.W.3d 419, 420 (Tex.App.–Amarillo 2002, no pet.). The subsequently discovered probable cause evidenced by the valid arrest warrant demonstrated that the evidence discovered during the search incident to the arrest was not discovered through exploitation of the initial illegal detention. <u>Id</u>. Here the appellant's initial detention may have been improper, however, appellant furnished identification that identified him as Andrick Adams, who happened to have an outstanding warrant from the Department of Public Safety. It was the search incident to this arrest that lead to the discovery of the contraband. Thus, the trial court's decision to admit the evidence was proper and, therefore, could not have been an abuse of discretion. <u>Davis</u>, 61 S.W.3d at 96-97. Therefore, appellant's contention is overruled.

## Conclusion

Having overruled appellant's sole issue, the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.