COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 AMANDA BETH DARTER,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00022-CR
  
                          Appeal from
  
 County Criminal
 Court No. 8
  
 of Tarrant County,
 Texas
  
 (TC # 1183105)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Amanda Beth Darter appeals her conviction of driving while intoxicated,
second offense.  Appellant waived her
right to a jury trial and entered a negotiated plea of guilty.  The trial court found Appellant guilty and
assessed her punishment at a fine of $750 and confinement for forty-five days.  We affirm.

FACTUAL SUMMARY

            Appellant filed a motion to suppress
alleging that the arresting officer lacked probable cause to believe she had
committed a traffic violation or reasonable suspicion that a crime was in
progress.  A Tarrant County Magistrate
heard the motion to suppress.  

Edgar
Vidal, a police officer with the North Richland Hills Police Department, was on
patrol at approximately 11:30 p.m. on November 28, 2009 when he saw a vehicle
that was weaving within its lane.  Vidal
and the vehicle were traveling in the left lane of a multi-lane road.  Vidal began following the vehicle and he
observed it cross over into the adjacent lane to the right, but the driver,
Appellant, did not activate the turn signal until after the vehicle had already
entered the lane.  Vidal turned on his
emergency lights and stopped the vehicle because Appellant had failed to signal
her intent to change lanes and because Vidal suspected she was driving while
intoxicated.[1]  Vidal testified that he has received training
to detect impairment in drivers.  Weaving
within a lane is one indicator that the driver may be intoxicated.  Additionally, the commission of traffic
violations is another indicator of possible intoxication.  Another indicator of intoxication is
activation of the turn signal after the driver has already begun to change
lanes.  Based on the time of day and the
existence of these indicators, Vidal testified that he had a reasonable
suspicion that Appellant was intoxicated. 
He also stopped her because of the traffic violation.  

            The trial court admitted State’s
Exhibit 2 which is a video recorded by the equipment in Vidal’s patrol
car.  The video is consistent with
Vidal’s testimony in that it shows Appellant’s vehicle traveling in front of
Vidal’s vehicle and weaving within the lane. 
Further, the video reflects that when Appellant changed into the
adjacent lane, both the front and rear tires on the right side of her vehicle
had already crossed over the lane marker and were completely in the adjacent lane
before Appellant activated her turn signal. 


            The
magistrate made written findings of fact and conclusions of law reflecting that
the magistrate accepted Vidal’s testimony as true because the magistrate found
him to be a credible witness.  The
magistrate concluded that Vidal made a lawful traffic stop and lawfully
detained Appellant based on the court’s finding that Appellant violated Section
545.104(a) of the Transportation Code by failing to signal an intent to change
lanes.  The court additionally found that
Vidal had reasonable suspicion that Appellant was an “impaired driver.”  The district court adopted the magistrate’s
findings and denied the motion to suppress.

PROBABLE CAUSE/REASONABLE SUSPICION

In
her sole issue on appeal, Appellant contends that the trial court erred by
denying her motion to suppress because the State failed to prove that she
committed a traffic offense.  She asserts
that the evidence shows she activated her turn signal simultaneously with
making the lane change.

We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex.Crim.App. 2007); Guzman v. State,
955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  Under
this standard, we afford almost total deference to the trial court’s express or
implied determination of historical facts and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor, but we review
de novo the court’s application of
the law pertaining to search and seizure to those facts.  State v.
Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000).

When
the trial court makes findings of fact, as in this case, we determine whether
the evidence, when viewed in the light most favorable to the trial court’s
ruling, supports these fact findings.  State v. Kelly, 204 S.W.3d 808, 818
(Tex.Crim.App. 2006).  We then review the
trial court’s legal ruling de novo
unless the fact findings that are supported by the record are also dispositive
of the legal ruling.  Id.  We must uphold the trial court’s ruling if it
is supported by the record and correct under any theory of the law applicable
to the case.  Armendariz v. State, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003).

A
law enforcement officer may lawfully stop a motorist who commits a traffic
violation in the officer’s presence.  See Garcia v. State, 827 S.W.2d 937, 944
(Tex.Crim.App. 1992); Tex.Code
Crim.Proc.Ann. art. 14.01(b)(West 2005)(“A peace officer may arrest an
offender without a warrant for any offense committed in his presence or within
his view.”); Tex.Transp.Code Ann.
§ 543.001 (West 2011)(“Any peace officer may arrest without warrant a person
found committing a violation of this subtitle.”).  The decision to stop an automobile is
reasonable when an officer has probable cause to believe that a traffic
violation has occurred.  Whren v. United States, 517 U.S. 806,
810, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996); Walter v. State, 28 S.W.3d 538, 542 (Tex.Crim.App. 2000).  

Section
545.104 of the Transportation Code provides:

(a)    An
operator shall use the signal authorized by Section 545.106[2]
to indicate an intention to turn, change lanes, or start from a parked
position.

 

(b)   An
operator intending to turn a vehicle right or left shall signal continuously
for not less than the last 100 feet of movement of the vehicle before the turn.

 

Tex.Transp.Code Ann. § 545.104.  The Transportation Code defines a “laned
roadway” as a roadway that is divided into at least two clearly marked lanes
for vehicular travel.  Tex.Transp.Code Ann. § 541.302(7)(West 2011).  A lane change is defined as a “lateral
maneuver moving the vehicle from one lane to another using proper space management
procedures.”  Mahaffey v. State, 316 S.W.3d 633, 641 (Tex.Crim.App. 2010), quoting Texas Driver’s Handbook at A-5. 

            Appellant argues that activating her
turn signal while she was in the process of making the lane change is not a
traffic violation.  Section 545.104(b)
requires that an intention to turn must be signaled for 100 feet before the
turn, but it does not expressly state when an operator must begin signaling an
intention to change lanes.  The plain
language of the statute requires an operator to signal an intention to change lanes. 
Common sense dictates that in order to signal an intention to change
lanes the signal must be given before the movement is initiated.  Once a person begins to change lanes, their
intention is clear even without a signal. 
The purpose of requiring an operator to signal her intent to change
lanes is to give the other drivers on the road the opportunity to react, e.g., by
reducing speed and applying the brakes to keep a safe distance until the
movement is completed.  Activating a
signal after the vehicle has already entered the adjacent lane, even partially,
does not accomplish this purpose.  We
conclude that Officer Vidal had probable cause to believe that Appellant had
violated Section 545.104(a) by changing lanes without first signaling her
intention to do so.  The trial court did
not err by denying the motion to suppress. 
We overrule Appellant’s sole issue on appeal and affirm the judgment of
the trial court.

 

May 30, 2012                                      ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]  At the suppression hearing, the trial court
did not permit the prosecutor to offer evidence that Appellant did not
immediately stop after the officer turned on his emergency lights and she
allegedly committed additional traffic offenses before being finally
stopped.  The record reflects that
Appellant entered a plea of guilty to the class B offense of fleeing or
attempting to elude police officer committed on November 28, 2009.  See Tex.Transp.Code Ann. § 545.421 (West
2011).  The State has not raised an issue
on appeal regarding the trial court’s decision to limit the evidence.  Consequently, we express no opinion on the
issue.





[2]  Section
545.106(a) provides for the use of hand and arm or signal lamp when an operator
is required to give a stop or turn signal.  Tex.Transp.Code
Ann. § 545.106(a).