Affirmed and Memorandum Majority and Concurring Opinions filed May 20,
2004









Affirmed and Memorandum Majority and Concurring
Opinions filed May 20, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01179-CR

____________

 

BYRON
WILSON HILDRETH, JR., Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

_________________________________________________________________________

 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 888,614

 

_________________________________________________________________________

 

M E M O R A N D U M   C O N C U R R I N G   O P I N I O N

The court correctly disposes of
appellant=s first and second points of
error challenging the legal and factual sufficiency of the evidence.  I write separately to address the portion of
appellant=s third point of error raising
ineffective assistance of counsel in the guilt-innocence stage of trial.








Appellant failed to satisfy the
first prong of the Strickland test[1]
and, for this reason, his ineffective assistance of counsel claim fails.  Notably, appellant raised ineffective
assistance of counsel in the context of a motion for new trial.  As the Court of Criminal Appeals recently noted in its
unpublished opinion in State v. Jones, the standards are not so clear
for reviewing claims of ineffective assistance raised in this context.  State v. Jones, No. 678-02, 2004 WL
231309, *8 (Tex. Crim. App. Jan. 28, 2004) (not designated for
publication).  A trial court=s ruling denying a motion for new
trial is typically reviewed under an abuse of discretion standard.  Salazar v. State, 38 S.W.3d 141, 148
(Tex. Crim. App. 2001).  However, the
performance and prejudice components of the Strickland test are mixed
questions of law and fact.  Strickland
v. Washington, 466 U.S. 668, 698, 104 S. Ct. 2052, 2070 (1984).  We must afford almost total deference to a
trial court=s determination of the historical
facts and of mixed questions of law and fact that turn on the credibility and
demeanor of witnesses.  Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  A reviewing court is not bound by the trial
court=s legal conclusion on the issue of
ineffectiveness and may independently determine that issue while giving
deference to the trial court=s findings on subsidiary questions of fact.  See id. 








To meet the standard for establishing ineffective assistance
of counsel, appellant must show that (1) trial counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional norms;
and (2) there is a reasonable probability that the result of the proceeding
would have been different but for trial counsel=s deficient performance.  See Strickland, 466 U.S. at 688B92. 
The majority addresses the prejudice prong of this two-prong analysis in
concluding that appellant has not met the standard for ineffective assistance
of counsel.  The majority finds that
because the jury heard the testimony of appellant and others directly involved
in the matters in issue, it would be difficult to conclude that testimony from
three favorable character witnesses Acreates a reasonable probability that
a different determination regarding his guilt would have resulted from it.@ 
Determining how the testimony of three different witnesses might have
impacted the jury=s evaluation of the evidence for purposes of the prejudice
analysis is a complex undertaking, particularly when appellant=s credibility was important to the
case.  However, the court need not even
undertake the difficult prejudice analysis in Strickland=s second prong because appellant cannot satisfy the
first prong.

The record in this case contains conflicts in the testimony
of the witnesses regarding whether trial counsel=s representation fell below the
requisite standard.  Trial counsel
testified that her failure to call character witnesses was not a matter of
strategy; rather, she did not do so because, in some cases, appellant instructed
her not to contact them and he otherwise failed to provide her with a list of
names.  Though appellant and his
witnesses gave contrary testimony, the trial court was in the best position to
evaluate the credibility of the witnesses and resolve any conflicts with regard
to whether trial counsel investigated character witnesses on appellant=s behalf.  See Kober v. State, 988 S.W.2d 230,
233 (Tex. Crim. App. 1999).  The trial
court could have chosen to believe or disbelieve all or any part of the
witnesses= testimony.  See State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).  Apparently, the
trial court  resolved the conflicts in
favor of trial counsel=s version of events, believing appellant did not provide his
trial counsel with the names of character witnesses or was otherwise
uncooperative with the investigation.  








Although trial counsel has a duty to make reasonable
investigations or to make a reasonable decision that makes particular
investigations unnecessary, the reasonableness of counsel=s actions may be determined or
substantially influenced by the defendant=s own statements or actions.  Strickland, 466 U.S. at 691.  A[W]hen a defendant has given counsel
reason to believe that pursuing certain investigations would be fruitless or
even harmful, counsel=s failure to pursue those investigations may not later be
challenged as unreasonable.@  Id.  Likewise, when the defendant has instructed
counsel not to contact or speak to certain potential character witnesses, it is
not unreasonable for counsel to refrain from doing so.  Thus, applying the first prong of the
ineffective assistance standard, appellant cannot refuse to provide his
attorney with the information necessary to investigate potential character
witnesses and then claim the attorney=s actions were not reasonable.  Having failed to satisfy the first prong of
the Strickland test, appellant cannot prevail on his ineffective
assistance claim, and this court need not reach the second prong.  

Though I do not join the majority=s analysis for appellant=s third point of error, I
respectfully concur in the court=s decision to overrule appellant=s ineffective assistance of counsel
challenge and affirm the judgment of the trial court.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Memorandum Majority and Concurring Opinions filed May 20, 2004.

Panel consists of
Justices Edelman, Frost, and Guzman. 
(Edelman, J., majority).

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).