Opinion issued January 24, 2008

 





 





In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-06-01002-CR
 

 
 
LEE ANDREW SAUSEDA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1057071
 

 

MEMORANDUM OPINION

          After his motion to suppress was denied, appellant, Lee Andrew Sauseda,
pleaded guilty to the offense of possession, with intent to deliver, more than four
grams and less than 200 grams of cocaine. Pursuant to a plea agreement, appellant
was sentenced to eight years of deferred adjudication and a $500 fine. In his sole
issue, appellant contends that the trial court erred in denying his motion to suppress
the evidence seized as a result of his illegal arrest. We affirm.
Facts
          At about 8:30 p.m. on November 30, 2005, Harris County Sheriff’s Deputy
T.W. Bell saw what appeared to be a fight involving four men standing near a white
Lincoln Continental in front of an apartment complex. When Deputy Bell turned his
cruiser around and identified himself to the men, the men began to “disperse.” As
they were “separating,” Deputy Bell saw one of the men, not appellant, walk around
to the other side of the Continental and throw an object on the ground. Believing the
discarded object to be cocaine, Deputy Bell drew his gun, ordered the men to stop and
put their hands on the Continental, and radioed for backup. 
          When the backup arrived, the officers handcuffed the four suspects, placed
them in the backseats of the patrol cars, and began looking for the discarded object,
which Deputy Bell found on the curb near the passenger-side door of the Continental. 
While he was leaning over to pick up the object, Deputy Bell smelled a strong odor
of marihuana. Because the Continental was roughly two feet away and its passenger-side window was rolled down, Deputy Bell believed that the smell was coming from
inside the car. A field test revealed that the discarded item was indeed crack cocaine,
and a search of the car uncovered plastic bags containing marihuana, cocaine, and
cash. Appellant admitted to the officers that the car and the narcotics found in the car
belonged to him.



          Appellant filed a motion to suppress the evidence discovered by the search of
his car on the basis that he was detained by the deputies in violation of his rights
under the United States and Texas Constitutions. After a hearing during which
appellant and Deputy Bell testified, the trial court denied appellant’s motion, and
appellant then pleaded guilty to possession, with intent to deliver, more than four
grams and less than 200 grams of cocaine. This appeal followed.
Motion to Suppress
          In two points of error, appellant contends that (1) his arrest was illegal and
without probable cause and (2), alternatively, any investigative detention was
unreasonable and unlawful. Therefore, the trial court erred in denying his motion to
suppress the evidence seized. He further argues that, because “the drugs in the nearby
vehicle were not discovered until Appellant had been in custody for over an hour,
they could not have served as the basis for his arrest.” Appellant does not complain
of the warrantless search of his car.
Standard of Review
          In reviewing the trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review, giving almost total deference to the trial court’s
determination of historical facts while reviewing de novo the trial court’s application
of the law to those facts. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); State v. Stone, 137 S.W.3d 167, 174 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d). If the trial court’s decision is correct on any theory of law
applicable to the case, it will be sustained, even if that theory is not given as the
reason for the trial court’s decision. See State v. Ross, 32 S.W.3d 853, 855–56 (Tex.
Crim. App. 2000); Rauscher v. State, 129 S.W.3d 714, 718 (Tex. App.—Houston [1st
Dist.] 2004, pet. ref’d). 
Independent Source
          In the instant cause, the investigating officers obtained the challenged evidence
by conducting a search of the appellant’s car, a means wholly independent of the
deputies’ detention of the appellant. As the record shows and the trial court found,
Deputy Bell saw one of the suspects throw a suspicious object on the ground near the
appellant’s car, which led to a search by the officers of the surrounding pavement,
which led Deputy Bell to move closer to appellant’s car and smell the marihuana odor
coming from its open passenger-side window, which led to a search of the car, which
produced the evidence appellant sought to suppress. Once Deputy Bell detected the
odor of marihuana emanating from the open window of appellant’s car, he had
probable cause to conduct a search of the car without a warrant, regardless of whether
appellant was present or under arrest. Appellant’s detention, even if it was
unconstitutional, was not a link in that causal chain and was certainly not its source. 
In fact, Deputy Bell’s observation of the discarding of cocaine by one of the suspects
occurred before anyone, including appellant, had been taken into custody. 
Accordingly, the trial court did not abuse its discretion in denying appellant’s motion
to suppress.



Conclusion
          We affirm the trial court’s denial of the motion to suppress.
 
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).