NO. 07-08-0287-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 11, 2008

_____

WILLIAM DUNCAN ELLISON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW OF HOOD COUNTY;

NO. 39551; HON. VINCENT J. MESSINA, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

William Duncan Ellison appeals his conviction, based upon a plea of no contest, for the offense of driving while intoxicated. He complains of the trial court's failure to sustain his motion to suppress because the officer lacked probable cause or reasonable suspicion to stop his vehicle. We affirm the judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

*Law*

We review a ruling upon a motion to suppress by affording great deference to the trial court's interpretation of historical facts. *Ford v. State,* 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). This deference entails both the trial court's authority to assess the credibility of the witnesses and the authority to disbelieve or believe controverted testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, similar deference is not afforded the trial court's application or interpretation of the law. *Ford v. State,* 158 S.W.3d at 493. We review that *de novo. Id*.

*Application of Law*

Appellant challenges the trial court's findings that the "weaving" of his vehicle was a valid basis for a traffic stop and that he exceeded the speed limit. We reject the challenge given the totality of the circumstances appearing in the record before us.

Contained in that record is the testimony of Lt. Steve Smith with the Hood County Sheriff's Office. He stated that 1) he had been a certified peace officer thirteen years, 2) he has made many traffic stops, 3) he had training in DWI detection, 4) he had stopped intoxicated drivers on many occasions, 5) he observed a white Ford pickup driven by appellant cross the line dividing the two west bound lanes of Highway 377 as well as the shoulder or fog line, 6) this weaving over the lines occurred several times during the period in which he observed appellant, 7) based on his experience, crossing the center and fog lines indicated that the driver was possibly intoxicated, 8) no obstacles were in the road to explain the weaving, 9) appellant appeared to be speeding at times, as determined by the officer pacing the truck, and 10) appellant was endangering at least himself. Furthermore,

2

this occurred at around 3:48 a.m., and though traffic was not heavy, there were other vehicles on the road.

Circumstances similar to those we listed above have been held by the Court of Criminal Appeals to justify not only a "'rational inference'" that the vehicle's driver was intoxicated but also a stop. *See Curtis v. State,* 238 S.W.3d 376, 380-81 (Tex. Crim. App. 2007) (holding that there was reasonable suspicion to stop a vehicle for suspicion of driving while intoxicated when the vehicle was observed weaving in and out of lanes over a short distance at 1:00 a.m., the officer had received specialized training in signs of driving while intoxicated, and part of his training was that weaving was a possible indication of intoxication). Moreover, the opinions cited by appellant to the contrary were not issued by the Court of Criminal Appeals. Thus, we must follow the decision of our State's highest criminal court and affirm the trial court's judgment.


Per Curiam

Do not publish.