

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1262-09

**SHELDON KEITH CRAIN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### POTTER COUNTY

KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

### DISSENTING OPINION

The interaction under scrutiny in this case is properly classified as a consensual encounter, requiring no reasonable suspicion or probable cause. Words carry various shades of meaning when the tone and inflection of the speaker is considered. Examining only a cold record, the majority wrongfully discounts the credibility findings made by the trial judge, who witnessed testimony provided by Officer Dewayne Griffin firsthand.

Officer Griffin testified that he observed Crain walking alone across a yard in a

residential neighborhood half past midnight. In his marked patrol car, Officer Griffin pulled up and shined a spotlight on Crain to get at look at Crain and the surrounding area. Officer Griffin then "told" or "asked" Crain to "come over here and talk to me." On cross-examination, Officer Griffin stated that his statement may have sounded like an "order." Crain turned toward Officer Griffin, took a few more steps, and stopped. Officer Griffin got out of his patrol car and approached Crain. Crain asked Officer Griffin what he was doing wrong, and Officer Griffin said that he just wanted to talk to him. During this exchange, Officer Griffin smelled a strong odor of marijuana emanating from Crain's mouth and clothing.

The trial judge found Officer Griffin's testimony to be credible and denied Crain's motion to suppress.

As the majority observes, and then improperly disregards, appellate courts are required to defer to a trial judge's resolution of mixed fact and law issues when that determination is based on an evaluation of credibility and demeanor.[1] The credibility determinations made by the trial judge about Officer Griffin's testimony are entitled to almost total deference.[2] Of upmost importance here is that the trial judge heard and witnessed Officer Griffin's characterization of the statement he made to Crain. We should therefore presume, as the trial

---

[1] *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

[2] *Id.* at 856.

judge undoubtedly found and the record supports,[3] that Officer Griffin's statement was a request,[4] not an order or directive with a display of authority that would lead a reasonable person to conclude that a seizure has occurred. Affording nearly total deference to the factfinding, when the totality of the circumstances—including Officer Griffin's use of the spotlight and his request to Crain—are viewed objectively, Crain was free to ignore Officer Griffin and continue walking.[5]

Finally, the majority posits a hypothetical situation in which an officer draws a gun, points it at an individual, and requests that the individual talk for a minute.[6] This situation is in no way analogous to the facts here and is therefore irrelevant. The totality of the circumstances of this case and the trial judge's credibility determination are dispositive

---

[3] *Id.* at 855 ("we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.").

[4] *Id.* at 856.

[5] *See United States v. Mendenhall*, 446 U.S. 544, 555 (1980) (holding that the respondent was not seized within meaning of Fourth Amendment when law enforcement agents "approached her in a public place, asked if she would show them her ticket and identification, and posed to her a few questions."); *see also Florida v. Royer*, 460 U.S. 491, 497 (1983) (plurality op.) ("law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen . . . ."); *Florida v. Bostick*, 501 U.S. 429, 436-37 (1991) "the crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.'") (quoting *Michigan v. Chesternut*, 486 U.S. 567, 569 (1988)).

[6] *Ante*, at 14 n.39.

though: An officer's request to talk an individual coupled with the use of a spotlight to identify the individual and surrounding area at night by the officer does not rise to the level of a detention within the meaning of the Fourth Amendment.

I would affirm the court of appeals's judgment.


DATE FILED: June 30, 2010
PUBLISH