NO. 12-03-00273-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


MISTY DAWN SISCO,                                      §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            Misty Dawn Sisco appeals her conviction for possession of a controlled substance. Pursuant
to the terms of her plea bargain agreement, the trial court sentenced her to six months in jail. She
now complains of the trial court’s denial of her motion to suppress. We affirm.

Background
            At the hearing on the motion to suppress, Chief Gary Don Lewis, of the Bullard Police
Department, explained the events that led to Appellant’s arrest. He had received a call from a
resident requesting him to check on her home while she was away because someone had recently 
broken into it. Shortly before midnight one night, he checked on the house. Everything was fine at
that time. He returned to the house about an hour later and found Appellant, whom he has known
for a long time, standing by the side door. The screen door, which he had closed earlier, was open. 
Appellant’s sports utility vehicle was parked in the driveway and an unknown male was sitting in
the front passenger seat. Appellant told Lewis that she was there to get her purse. He described her
as hyper, wired, and talkative, which was not normal for her. He suspected she was “high on
something.”
            Lewis saw a square bag on the floor between the passenger’s legs. For safety reasons, he
asked Appellant what it was and if he could see it. She handed the bag to him. There was some
make-up and a syringe in the bag. At that point, a Smith County officer arrived as backup. Using
a flashlight, that officer looked in the back of the vehicle. He and Lewis saw a pistol case between
the seats, next to the passenger. Being concerned that there might be a firearm in the vehicle, Lewis
asked Appellant for consent to search it. She did not consent. He retrieved the pistol case and
looked inside. He saw a clear plastic baggy containing residue he believed to be methamphetamine,
a pocket knife, and some keys. Lewis then arrested Appellant and the passenger for possession of
methamphetamine.
            On cross-examination, Lewis agreed the pistol case is made out of a soft leather or leather-like material that is easy to feel through. He stated that he did not feel the case before opening it. 
He was looking for weapons but, although it would have been easy to tell if there was a gun in the
bag by feeling of the outside, he would not do so because he might get stuck by a bad needle.

Motion to Suppress 
            In two issues, Appellant asserts the trial court erred in failing to suppress the drugs because
they were found as the result of an illegal search and seizure in violation of her rights under the
Fourth Amendment to the United States Constitution and Article one, Section nine of the Texas
Constitution. Specifically, she contends that the arresting officer had no probable cause to open the
bag and his failure to feel the outside of the bag prior to opening it and searching it constituted an
illegal search.

Applicable Law
            A trial court’s decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court’s determination of historical facts supported by the record,
especially when the trial court’s fact findings are based on an evaluation of credibility and demeanor. 
Id. We consider de novo issues that are purely questions of law, such as whether reasonable
suspicion existed at the time of the search or seizure. Id. at 87. In a motion to suppress hearing, the
trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be
given their testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). When the trial
court fails to file findings of fact, we view the evidence in the light most favorable to the trial court’s
ruling and assume that the trial court made implicit findings of fact that support its ruling as long as
those findings are supported by the record. Id. If the trial court’s decision is correct on any theory
of law applicable to the case, the decision will be sustained. Id.
            During the course of a temporary detention, an officer may conduct a limited search for
weapons if reasonably warranted for his safety or the safety of others. Terry v. Ohio, 392 U.S. 1,
27, 88 S. Ct. 1868, 1883, 20 L. Ed. 2d 889 (1968). The search may include the passenger
compartment of an automobile if the police officer possesses a reasonable belief based on specific
and articulable facts which, taken together with the rational inferences from those facts, reasonably
warrant the officer in believing that the suspect is dangerous and the suspect may gain immediate
control of weapons. Michigan v. Long, 463 U.S. 1032, 1050-51, 103 S. Ct. 3469, 3481, 77 L. Ed.
2d 1201 (1983). The search must be limited to areas in which a weapon may be hidden. Id., 463
U.S. at 1049, 103 S. Ct. at 3481. If, while conducting a legitimate Terry search of the interior of the
automobile, the officer discovers contraband other than weapons, he is not required to ignore it. Id.,
463 U.S. at 1050, 103 S. Ct. at 3481.

Discussion
            Appellant was on property that did not belong to her, in the middle of the night, apparently
trying to get into the house. The house had recently been broken into and the owner, concerned that
it might happen again, had requested the Sheriff to check on it. Appellant was not acting normally
and Lewis believed her to be under the influence of some drug. Lewis found a syringe in a bag in
the vehicle. The only other item he searched was a gun case, an item normally used to carry a gun. 
The gun case was located immediately next to the passenger, whom Lewis did not know. 
Considering these circumstances, we conclude Lewis had a reasonable belief that the limited search
was warranted for safety reasons. See id., 463 U.S. at 1050-51, 103 S. Ct. at 3481. The search was
therefore authorized by the Fourth Amendment. See id. The Texas Constitution does not provide
greater rights than the Fourth Amendment to the United States Constitution. Hulit v. State, 982
S.W.2d 431, 436 (Tex. Crim. App. 1998).
            Appellant argues that Lewis was required to feel the outside of the bag for weapons before
opening it. We find no authority for such a requirement. Further, considering the soft material the
gun case was made of and the implication that drugs may be involved, we cannot disagree with
Lewis’s decision to take the safer route. As the search of the gun case was constitutionally
authorized, the trial court did not err in denying Appellant’s motion to suppress the
methamphetamine found in the gun case. See Guzman, 955 S.W.2d at 89. We overrule Appellant’s
issues one and two.

Conclusion
            Lewis’s actions were authorized by both the federal and state constitutions. Therefore, the
trial court properly denied Appellant’s motion to suppress.
            We affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 23, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto.










(DO NOT PUBLISH)














COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 23, 2004
 
NO. 12-03-00273-CR
 
MISTY DAWN SISCO,
Appellant
V.
THE STATE OF TEXAS,
Appellee





 Appeal from the 7th Judicial District Court
 of Smith County, Texas. (Tr.Ct.No. 007-0079-03)
 

 

 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that this decision be certified to the court
below for observance.
                                    James T. Worthen, Chief Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



 


THE STATE OF TEXAS
M A N D A T E
TO THE 7TH JUDICIAL DISTRICT COURT OF SMITH COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 23rd
day of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
MISTY DAWN SISCO, Appellant
 
NO. 12-03-00273-CR and Tr. Ct. Case Number 007-0079-03
 
Opinion by Chief Justice James T. Worthen.
 
THE STATE OF TEXAS, Appellee

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed and that this decision be certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk