NO. 07-05-0298-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 22, 2007


______________________________



JERMAINE E. GARMON, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-406,266; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Jermaine E. Garmon (appellant) appeals his conviction for possessing, with intent
to deliver, a controlled substance. Via four issues, he contends that the trial court erred
in overruling his motion to suppress. The motion should have been granted because he
was not given his Miranda warnings prior to making statements, according to appellant. 
Furthermore, his consent was allegedly involuntary. (1) We affirm.

Background


 The facts show that appellant was under arrest for an unrelated offense when he
asked permission to use the bathroom in his residence. Permission was granted. An
officer (Salmon) accompanied appellant and, without informing appellant of his Miranda
rights, asked if "there was anything illegal, anything [the officer] should know about inside
the residence . . . ." Appellant allegedly directed Salmon to a laundry hamper where
marijuana was discovered. According to the officer, he then asked appellant for consent
to search the house, and appellant granted him same. Appellant denied being asked for
consent, though.

 During the search, cocaine and marijuana were found in the hamper. Over $6000
was found elsewhere in the house. Effort was made to also search the room of appellant's
brother, Robert. According to Salmon, he received permission from Robert to do so. 
Robert, however, denied this. 

 Fruits of the search formed the basis of a subsequent prosecution of appellant. He
sought to suppress their use, asserting before the trial court that the search was defective
because it occurred without consent. The trial court rejected the contention. 





Standard of Review


 In reviewing a trial court's ruling upon a motion to suppress, we grant almost
complete deference to its resolution of historical facts irrespective of whether those facts
were disputed or dependent upon the credibility and demeanor of the witnesses involved. 
Montanez v. State, 195 S.W.3d 101, 106-08 (Tex. Crim. App. 2006). It, therefore, follows
that the trial court may believe or disbelieve all or any part of a witness' testimony offered
at the suppression hearing, even if that testimony was uncontroverted. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). Finally, when, as here, no findings of fact are
made, we must view the evidence in a light most favorable to the trial court's decision and
assume that it entered findings which support its decision as long as those findings can be
supported by the record. Id.

Application of Standard


 Issue One - Failure to Mirandize

 Appellant initially contends that the trial court erred in overruling his motion to
suppress evidence obtained under his alleged consent to search because he was not
Mirandized before granting consent. We overrule the issue.

 It is undisputed that the officer did not Mirandize appellant before asking about the
presence of drugs and for consent to search. Yet, our Court of Criminal Appeals has held
that the exclusionary rule applies to statements but not the fruits of the statement. Baker
v. State, 956 S.W.2d 19, 22 (Tex. Crim. App. 1997). (2) Thus, the contraband discovered by
the police here was and is not subject to suppression. 

 Issue Four - Consent to Search

 Through his fourth issue, appellant contends that the trial court abused its discretion
in finding that he consented to the search. This is purportedly so because the testimony
of the officer to whom consent was allegedly given was not credible. We overrule the
issue.

 As previously mentioned, the officer testified that both appellant and his brother
consented to the search. Needless to say, appellant and his brother contradicted him. 
Because of that, the credibility and demeanor of the witnesses came at issue and saddled
the trial court with the duty of deciding who to believe. Thus, we are obligated not only to
grant almost complete deference to the trial court's resolution of that factual dispute,
Montanez v. State, supra, but also to view the evidence in a light most favorable to that
decision. Ross v. State, supra. So, the testimony of the officer coupled with appellant's
personal interest in the outcome of the prosecution and his brother's potential interest in
supporting appellant provided evidentiary basis for the trial court to side with the officer and
implicitly find consent. 

 


 Issues Two and Three - Voluntariness of Consent

 In the last two issues, appellant asserts that any consent he granted was
involuntary. This contention, however, was not raised below. Instead, appellant
represented to the trial court that the "argument is about whether or not there was consent
or not." So, because the legal contention asserted in issues two and three fails to comport
with that raised below, it was not preserved for review. Ibarra v. State, 11 S.W.3d 189, 197
(Tex. Crim. App.1999) (stating that the argument raised on appeal must comport with that
asserted at trial, otherwise it is waived).

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice


Do not publish.




 




1. Appellant's first appointed counsel filed an Anders brief. In reviewing the record, we concluded that
there was an arguable ground for appeal on that question, and we abated the cause for the appointment of
new counsel. The trial court appointed new counsel, and the latter filed the brief upon which we act.
2. We realize that the holding in Baker was criticized in In re H.V., 179 S.W.3d 746 (Tex. App.-Fort
Worth 2005, pet. granted). But, that same court later followed Baker in Akins v. State, 202 S.W.3d 879 (Tex.
App.-Fort Worth 2006, no pet.) (refusing to suppress evidence of methamphetamine discovered as a result
of appellant's statement despite the lack of Miranda warnings). Moreover, the appellant in H.V. had invoked
his right to counsel or silence, whereas the appellant at bar has not argued that he had. Finally, the Court of
Criminal Appeals granted review of H.V., and until it modifies or rejects Baker we are obligated to follow that
opinion.


60;             Brian Quinn 
                                                                          Chief Justice
 
Do not publish.