**AFFIRM; and Opinion Filed this 6th day of May, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-01465-CR**

**ANTONIO DELAPAZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F11-00659-I**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice Moseley

A jury convicted Antonio Delapaz, a juvenile, of the murder of Agustin Valdez. In a single issue, Delapaz argues the trial court erred by denying his motion to suppress and admitting his written statement into evidence because the written statement was a product of a prior oral statement to police that was taken in violation of section 51.095 of the Texas Family Code. The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

The trial court conducted a hearing on the motion to suppress. Officer Fidel Perez of the Dallas Police Department testified to the following facts. On July 18, 2010, Perez interviewed Delapaz in an interview room at the youth division of the Dallas Police Department. Before the interview began, Perez, unarmed and alone, introduced himself to Delapaz and gave *Miranda*

warnings to Delapaz. After Delapaz told Perez his story, Perez "realized that we needed to have a judge come in and give him his magistrate warning." Perez called Magistrate Judge Mike Snipes to give the warnings required by the family code. After Snipes warned Delapaz, Perez wrote down Delapaz's statement.

Snipes also testified at the hearing. On July 18, 2010, he was called to admonish Delapaz. At that time, Snipes was not aware that, prior to his arrival, Perez had *Mirandized* Delapaz and taken Delapaz's oral statement. Snipes testified: "if there had been any doubt whatsoever in my mind about the voluntariness of this young man's statement, I wouldn't have taken it." He believed Delapaz's written statement was "completely, freely, knowingly and voluntarily made." Snipes's magistrate certification and acknowledgement of voluntary statement of a juvenile, as well as Delapaz's signed, written statement were admitted into evidence.

The trial court overruled Delapaz's motion to suppress, concluding:

> The oral and written statement [sic] was freely and voluntarily made and does stem from a custodial interrogation by Officer Fidel Perez of Antonio Delapaz. The Defendant made the statements free of any threats, compulsions, or coercion or promises made in order to persuade the Defendant to make the oral statement or sign the written statement. The Defendant's statements were voluntarily made and are admissible into evidence.

At trial, Delapaz's written statement was admitted over his renewed objection. On appeal, Delapaz argues his written statement was taken in violation of section 51.095 of the family code because it was a product of his initial, oral statement, which was taken before he received warnings from a magistrate. *See* TEX. FAMILY CODE ANN. § 51.095 (West 2008).

When reviewing a trial court's ruling on a motion to suppress, we apply an abuse of discretion standard of review, giving almost total deference to the trial court's determination of the historical facts that the record supports, and a de novo standard for the legal components of

–2–

the trial court's decision. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial court makes no explicit findings of historical facts, we view the evidence in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 327–28. If the trial court's ruling is correct under any theory of law applicable to the case, the ruling will be sustained. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

Section 51.095 governs the admissibility of a juvenile's custodial statement.[1] *See* TEX. FAMILY CODE ANN. § 51.095. A child's written statement is admissible if, among other requirements, "the statement shows that the child has at some time before the making of the statement received" the requisite warning from a magistrate. *See id.* § 51.095(a)(1)(A).

In *Jeffrey v. State*, Jeffrey, a juvenile, was interviewed at a police station about a murder. 38 S.W.3d 847, 852 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Jeffrey gave one written statement and four oral statements before receiving warnings pursuant to section 51.095. *Id.* In her fourth oral statement, Jeffrey incriminated herself. *Id.* After she made the incriminating statement, a magistrate administered the warnings prescribed by section 51.095. Jeffrey then provided a second written statement. *Id.* After making the second written statement, another magistrate issued a second set of warnings. *Id.* The court of appeals concluded that Jeffrey's third and fourth oral custodial statements were inadmissible because they were obtained without a magistrate's warning in violation of section 51.095. *Id.* at 858. However, the court also concluded that Jeffrey's second written statement, also the result of a custodial interrogation, was obtained in accordance with section 51.095 because Jeffrey received

---

[1] The trial court concluded that Delapaz's oral and written statements were the result of a custodial interrogation. Neither party contests this conclusion.

the required warning before providing the statement. *Id.* The court of appeals concluded the trial court did not err by denying Jeffrey's motion to suppress the second written statement. *Id.*

Here Delapaz made two statements while in custody: an oral statement and a subsequent written statement. Like Jeffrey, Delapaz gave his initial oral statement without the protections of section 51.095; however, Delapaz's subsequent written statement was taken *after* he received the magistrate warning prescribed by section 51.095. *See id.* at 852. Because Delapaz received a magistrate warning before providing his written statement, his written statement was obtained in accordance with section 51.095. *See id.* at 858. We conclude the trial court did not abuse its discretion by denying Delapaz's motion to suppress and we overrule Delapaz's sole issue.

We affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111465F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DELAPAZ, Appellant

No. 05-11-01465-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F11-00659-I.
Opinion delivered by Justice Moseley.
Justices O'Neill and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 6th day of May, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE