**AFFIRM; and Opinion Filed July 15, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01266-CR
### No. 05-15-01267-CR

**COREY LADON PERRY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-55069-V & F14-55153-V**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Schenck
Opinion by Justice Lang-Miers

Following the trial court's denial of his motion to suppress, appellant Corey Ladon Perry

waived a jury and pleaded guilty to unauthorized possession of a firearm by a felon and

possession with intent to deliver a controlled substance, cocaine, in a drug-free zone. The trial

court assessed punishment at five and fifteen years' confinement, respectively. In his sole issue

on appeal, Perry argues that the trial court erred by denying his motion to suppress. We disagree

and affirm the trial court's judgments.

### BACKGROUND

In May 2014, three uniformed officers in the narcotics division of the Dallas Police

Department traveled in an unmarked vehicle to "perform[] checks of locations where [they] had

drug complaints." One of the complaints involved the area outside a grocery store on Second

Street in Dallas. Officer Samuel Bryant testified that they drove by the area around mid-morning to "see if anyone's loitering, something of that nature." The officers drove past the grocery store and saw a gold car parked on the street by the grocery store with three individuals standing at the back of the car. Officer Bryant saw one of the individuals "rolling what [he] believed to be a marijuana cigarette" and told the other officers. The driver stopped the vehicle and the officers got out and began to approach the gold car; one of the officers called for backup from two police officers who were waiting nearby in a marked squad car.

Officer Bryant testified that when the individuals saw the officers approaching, "they took the cigarette and threw it on the ground in an attempt to get rid of it." Officer Bryant saw marijuana residue and a brown paper used to roll the marijuana on the ground. He could not identify which of the individuals was rolling the cigarette, but he said appellant was not the one that "basically drag[ged] [the marijuana] off the back of the car" as the officers approached. He testified that all three individuals were standing at the back of the car and were within reach of the marijuana when he saw them.

Officer Terry Varden testified that when he got out of the vehicle to approach the individuals by the gold car, he saw one of them throw something on the ground. He saw marijuana residue on the ground and it looked like somebody had stepped on it. He said he approached appellant and asked him a standard question he asks to "[s]ee what they will say, if they'll talk to me": "[Do you have] anything I need to know about?" In response, appellant "reached out his hand, handed [Officer Varden] a plastic baggie with little baggies of crack cocaine in it."

Officer Varden testified that he recognized the substance as crack cocaine, took the baggie from appellant, and stepped around him to place him in handcuffs. Before he could handcuff appellant, however, one of the backup officers saw what he thought was a gun in

appellant's pants. Officer E. Strand said appellant "seemed like he was trying to blade his body" as he gave Officer Varden the baggie. Officer Strand explained that "blade his body" meant that appellant was trying to conceal something from the officer. As Officer Strand came closer, he saw "a medal [sic] clip, seemed like a holster from the front of his pants and imprint on the shirt resembling a gun." Officer Strand lifted appellant's shirt, removed the gun for "officer safety," and placed appellant in handcuffs. Officer Strand also field tested the drugs at the scene; the test was positive for cocaine. On the way to jail, Officer Strand's partner asked appellant if he had anything else concealed. Appellant said he had a baggie of cocaine in his shoe. A search at the jail revealed a baggie of powder cocaine in appellant's shoe. During the investigation, Officer Strand learned that appellant owned the gold car.

The State introduced photographs of the marijuana and cigarette paper on the ground, the gun seized from appellant, and the car. The State argued that the officers saw what they believed to be criminal activity, which gave them reasonable suspicion to investigate further. The State also argued that there was no unlawful search or seizure because the officers saw drugs on the trunk of the car, appellant owned the car, appellant voluntarily gave the officer the cocaine at a time when he was not under arrest or being detained, and the photographs corroborated the officers' testimony.

Appellant argued that none of the officers saw him committing a crime, could not identify him as the one rolling the cigarette, and "couldn't say for sure whether it was marijuana or not." He argued that the officers did not have reasonable suspicion to approach him.

The trial court found that there was reasonable suspicion for the "stop" and the "stop" was valid. The court denied the motion to suppress.

**Standard of Review & Applicable Law**

In determining whether to suppress evidence, the trial court is the sole trier of fact and judge of the credibility of the testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). This means the trial court may believe or disbelieve all or any part of a witness's testimony. *Id.* As the factfinder, the court also resolves conflicts in the evidence. *See State v. Maldonado*, 259 S.W.3d 184, 194 (Tex. Crim. App. 2008). In our review of the trial court's ruling, we view the evidence in the light most favorable to the ruling and draw all reasonable inferences in favor of the ruling. *Wade v. State*, 422 S.W.3d 661, 666–67 (Tex. Crim. App. 2013). We give almost total deference to the trial court's determination of historical facts that turn on an evaluation of credibility and demeanor. *State v. Castleberry*, 332 S.W.3d 460, 465–66 (Tex. Crim. App. 2011). We review de novo the trial court's application of the law to the facts. *See id.*

"Police officers are as free as any other citizen to knock on someone's door and ask to talk with them, to approach citizens on the street or in their cars and to ask for information or their cooperation." *State v. Garcia-Cantu*, 253 S.W.3d 236, 243 (Tex. Crim. App. 2008). The three types of police–citizen encounters are: (1) consensual, (2) investigative detentions, and (3) arrests. *Wade*, 422 S.W.3d at 667. In our review, we look at the totality of the circumstances in determining whether a Fourth Amendment violation has occurred. *Id.* at 667–68.

**DISCUSSION**

In his sole issue, appellant argues "that the officers had no reason to stop Appellant and search his person" and that "the officers did not have reasonable suspicion that he had 'committed or was about to commit an offense before stopping him' and then proceeded to perform a warrantless search and 'an unlawful, warrantless arrest.'" Appellant relies on his trial counsel's argument at the hearing on the motion to suppress to support his issue on appeal:

–4–

Your Honor obviously all 3 officers don't remember a whole lot about this incident. They couldn't identify the people, couldn't identify who was rolling the cigarette. They couldn't say for sure whether it was marijuana or not. The Officer didn't see Mr. Perry commit any criminal offense whatsoever other than being out there as a lawful citizen. Officer Varden said no reasonable suspicion concerning anything about Mr. Perry. They couldn't say who filed any complaints. There was one. No surveillance. One of the officers said they were moving. The other said they got out as soon as somebody said something. Their facts don't meet here, Judge. There was actually nothing there for them to even approach Mr. Perry in this case, let alone ask questions and search him.

The evidence showed that the officers were investigating a complaint about drug sales outside a grocery store when they observed three individuals standing by a car parked in the street by the grocery store with a substance one of the officers believed based on his experience was marijuana. The officers stopped and approached the individuals, one of whom "drag[ged]" the substance off the car onto the ground. The officers observed marijuana residue and a brown paper for rolling cigarettes on the ground. Also, as one of the officers approached appellant, the officer asked appellant if he had anything on him the officer needed to know about. Appellant held out his hand showing the officer a baggie containing what the officer believed based on his experience was crack cocaine.

There is no evidence that the police officers used authoritative, commanding voices or demeanor as they approached appellant, blocked his car with the police vehicle, drew their weapons, or any other conduct that would indicate appellant was not free to leave. *See Garcia-Cantu*, 253 S.W.3d at 244–49. This encounter occurred mid-morning on a public street by a grocery store. *See id*. at 242–47; *see also Castleberry*, 332 S.W.3d at 466–69. And there is no evidence that appellant was responding to a show of authority when he gave the officer the baggie of crack cocaine. *See Garcia-Cantu*, 253 S.W.3d at 243 ("It is the display of official authority and the implication that this authority cannot be ignored, avoided, or terminated, that results in a Fourth Amendment seizure."). A police officer may ask a citizen for information without detaining the individual. *See Castleberry*, 332 S.W.3d at 467–68. We conclude that

–5–

there is no evidence to show that this initial encounter with appellant was anything other than a consensual encounter that did not implicate the Fourth Amendment. *See Castleberry*, 332 S.W.3d at 466–69; *Garcia-Cantu*, 253 S.W.3d at 242–47.

Additionally, Officer Varden believed based on his experience that the baggie appellant gave him contained crack cocaine. The substance field tested positive for cocaine. This gave the officer probable cause to believe appellant was engaged in criminal activity and justified the warrantless arrest. *See Castleberry*, 332 S.W.3d at 466–67; *see also Gerstein v. Pugh*, 420 U.S. 103, 111–12 (1975) (probable cause defined as "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense'") (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). However, before Officer Varden placed appellant in handcuffs, another officer observed the imprint of a gun in appellant's shirt. *See Castleberry*, 332 S.W.3d at 469. The officer raised appellant's shirt and retrieved the gun for the officers' safety. *See id*. The officers were in the process of arresting appellant for possession of cocaine when one of the officers observed the gun. The seizure of the gun was justified under the Fourth Amendment as a search incident to a lawful arrest. *See State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014) (citing *United States v. Robinson*, 414 U.S. 218, 235 (1973)).

We conclude that the trial court did not err by denying appellant's motion to suppress. We resolve appellant's sole issue against him.

**CONCLUSION**

We affirm the trial court's judgments.

        /Elizabeth Lang-Miers/
        ELIZABETH LANG-MIERS
        JUSTICE

Do not publish
TEX. R. APP. P. 47.2(b)

151266F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY LADON PERRY, Appellant

No. 05-15-01266-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-55069-V.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of July, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY LADON PERRY, Appellant

No. 05-15-01267-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F14-55153-V.
Opinion delivered by Justice Lang-Miers.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 15th day of July, 2016.