**Affirmed and Opinion Filed November 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01593-CR

### JEFFREY LYNN ADAY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1**
**Grayson County, Texas**
**Trial Court Cause No. 2012-1-0206**

## MEMORANDUM OPINION

Before Justices Evans, Whitehill, and Schenck
Opinion by Justice Whitehill

This case arises from a single-vehicle accident in which appellant suffered serious injuries after he entered an intersection, hit a curb, and flew from his motorcycle. The case involves the trial court's admission of blood test results obtained without a warrant.

A jury convicted appellant of driving while intoxicated. He then pled true to an enhancement paragraph in the information and was sentenced to 365 days in the County jail, probated for eighteen months, and a $500 fine. In two appellate issues, appellant contends that the trial court erred in denying his motion to suppress his blood test results and by refusing to allow evidence before the jury concerning exigency or implied consent as exceptions to the warrant requirement.

Because blood test results other than the results challenged by appellant were also admitted into evidence and showed that appellant was intoxicated, we conclude that appellant suffered no harm even if the trial court erred. We therefore affirm the trial court's judgment.

## I. Background

Appellant was involved in a serious motorcycle accident and was taken to Texoma Medical Center with severe head trauma. The hospital, for its own purposes, drew appellant's blood when he arrived there.

Shortly after the accident, Trooper Shannon Thomas arrived at the accident scene and began to investigate the accident. The firefighters on the scene told Trooper Thomas that appellant had already been transported to the hospital and would probably be taken by care flight to another hospital.

Trooper Thomas's investigation showed that appellant had been traveling south on Pool Road, approaching a T intersection. The investigation also showed that appellant failed to stop at a stop sign, struck the curb of a center median, was ejected from his motorcycle, and his head hit the ground. Appellant, however, was not wearing a helmet.

After investigating the accident site, Trooper Thomas went to Texoma Medical Center to check on appellant's condition. Upon arrival, the hospital staff told Trooper Thomas that appellant was to be taken by care flight to another hospital in another city.

Appellant was unconscious and unresponsive when Trooper Thomas saw him. When he leaned forward, close to appellant's chest, Trooper Thomas smelled alcohol. Based on that fact, and facts he gathered investigating the accident scene, Trooper Thomas concluded that appellant had been driving while intoxicated. As a result, he read appellant the statutory warning regarding his arrest, and obtained a blood sample. The ensuing test results showed that appellant was intoxicated.

Appellant was subsequently charged with driving while intoxicated. He moved to suppress the evidence from Officer Thomas's blood draw, but the motion was denied. The trial court made findings of fact and conclusions of law, and concluded that the warrantless blood draw was reasonable pursuant to the exigent circumstances exception to the warrant requirement.

A jury found appellant guilty of the charged offense. After appellant pled true to an enhancement paragraph in the information, he was sentenced to 365 days in the county jail, probated for eighteen months, and a $500 fine.

## II. Analysis

### A. Issue One: Did the trial court err in denying the motion to suppress?

Appellant argues the trial court erred in refusing to suppress evidence from the warrantless blood draw because (i) the officer admitted that he did not try to obtain a warrant; (ii) there were no exigent circumstances justifying the warrantless blood draw; (iii) the officer did not have probable cause to arrest appellant; (iv) the good-faith exception does not apply; and (iv) the holding in *Missouri v. McNeely,* 133 S.Ct. 1552 (2013) does not apply because that case was still pending when this case was decided.[1]

For the reasons discussed below, we conclude that even if the trial court erred, the error was harmless because the results from the hospital's independent blood draw were also admitted into evidence, and that evidence showed that appellant was legally intoxicated.

### 1. Standard of Review.

We generally review a trial court's decision to grant or deny a motion to suppress using an abuse of discretion standard. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005). During the suppression hearing, the trial court is the exclusive trier of fact and judge of the

---

[1] *McNeely* held that the natural metabolization of alcohol in the bloodstream is not a per se exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing. *Id.* at 1568.

witnesses' credibility. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); *Mason v. State*, 116 S.W.3d 248, 256 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). An appellate court affords almost total deference to the trial court's determination of historical facts supported by the record. *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). We afford the same amount of deference to a trial court's ruling on mixed questions of law and fact if the resolution turns on evaluating credibility and demeanor. *Id.* at 652. We review de novo, however, those mixed questions of law and fact not turning on credibility or demeanor. *Id.* at 653. If the trial court's ruling is reasonably supported by the record and is correct on any theory of law applicable to the case, the reviewing court must sustain it. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

### 2. Harmless Error.

If we conclude that the trial court erred in denying the motion to suppress, we are required to conduct a harm analysis to determine whether the error required reversal of the judgment. TEX. R. APP. P. 44.2. The harm analysis for the erroneous admission of evidence obtained in violation of the Fourth Amendment is rule 44.2(a)'s constitutional standard. *See Hernandez v. State,* 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (Fourth Amendment); *Newbrough v. State*, 225 S.W.3d 863, 867 (Tex. App.—El Paso 2007, no pet.) (same). Under that standard, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction. *See* TEX. R. APP. P. 44.2(a).

Here, we need not determine whether the trial court erred because, assuming without deciding that there was error, the admission of the warrantless blood draw evidence on this record was harmless.

The jury was instructed that to find appellant guilty of DWI, they had to find that he was driving a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04.

–4–

"Intoxicated" is defined in both the jury instructions and penal code as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of the two or more of those substances, or any other substance into the body, or having an alcohol concentration of 0.08 or more." *Id*. § 49.01. The complained-of blood draw evidence established that appellant had a blood alcohol concentration in excess of the legal limit, specifically, a ".13."

Dr. David Darrigan, an emergency room physician with Texoma Medical Center, however, testified about the hospital records and the blood draw that the hospital took when appellant arrived there.[2] According to Dr. Darrigan those records show that the hospital drew appellant's blood about ten minutes after he arrived in the emergency room.

The lab report showed that appellant's blood alcohol was 170 milligrams per deciliter. A blood alcohol interpretative table on the lab report shows "10-79 mg/dl . . . present (below legal limit)" and ">= 80 mg/dl Alcohol present > = legal limit." (SX7). That is, the hospital's blood test indicated that appellant's blood alcohol was approximately twice the legal limit. Dr. Darringan, however, admitted on cross-examination that lab results are expressed as serum or plasma and this measurement reads higher than a whole blood measurement.

Chris Youngkin, a forensic chemist with DPS, testified that to convert the hospital test to whole blood, one would divide by 1.18. This yields 0.144mg/dl. The legal limit is .08 grams per 100 milliliters of blood or higher. During deliberations, the jury sent a note to the judge asking, "If we throw out the DPS test can the hospital test be used as evidence."

It is well settled that inadmissible evidence can be rendered harmless if other evidence is admitted and it proves the same fact as the inadmissible evidence. *See, e.g., Anderson v. State*,

---

[2] The medical records were filed with the court pursuant to a business records affidavit. Defense counsel objected to the admission of the records into evidence on several grounds, including hearsay, relevance, and the confrontation clause. The trial court overruled the objections. Appellant does not assert the trial court erred in overruling these objections.

717 S.W.2d 622, 628 (Tex. Crim. App. 1986); *Ross v. State*, 763 S.W.2d 897, 903 (Tex. App.—Dallas 1988, pet. ref'd) (applying rule in *Anderson* to evidence allegedly the fruit of illegal search and seizure).  Here, the hospital blood evidence established that appellant was intoxicated.  Thus, as the jury correctly deduced, even without the warrantless blood draw evidence, the evidence proved that appellant was intoxicated.  Appellant's first issue is overruled.

**B.**     **Issue Two**:     **Was evidence about the warrantless blood draw properly excluded?**

Because we have concluded that evidence other than the warrantless blood draw established appellant's intoxication, we need not consider whether the trial court erred in excluding questions concerning exigent circumstances that may have supported the warrantless blood draw.  *See* TEX. R. APP. P. 47.1.  Appellant's second issue is resolved against him.

For the above reasons, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.1
141593F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JEFFREY LYNN ADAY, Appellant

No. 05-14-01593-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Grayson County, Texas
Trial Court Cause No. 2012-1-0206.
Opinion delivered by Justice Whitehill.
Justices Evans and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered November 24, 2015.