**AFFIRMED and Opinion Filed July 26, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00809-CR

**TERRY WAYNE SOUTHER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 071771**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

Terry Wayne Souther appeals the trial court's order denying his motion to suppress. In a single issue, Souther argues the trial court abused its discretion in denying his motion to suppress in violation of the Fourth Amendment's prohibition against warrantless searches and seizures. We affirm the trial court's judgment.

In February 2020, appellant was indicted on charges of possession of methamphetamine in an amount of 200 grams or more but less than 400 grams and possession of heroin in an amount of 4 grams or more but less than 200 grams. In October 2020, Souther filed a pretrial motion to suppress all evidence obtained from a warrantless search of his vehicle.

The motion to suppress evidentiary hearing was held in November 2020. Texas Highway Patrol trooper Greg Whitmire testified that, on November 21, 2019, he was advised that Terry Souther had a felony arrest warrant, a parole warrant for a narcotics charge, by a detective with the Sherman Police Department, along with a description of Souther's vehicle. Whitmire got behind Souther's vehicle and observed Souther cross over the center line while making a left turn. Whitmire initiated a traffic stop and approached the vehicle on the passenger's side. Souther was alone in the vehicle. Whitmire asked for Souther's driver's license, but Souther said he had no identification with him. Whitmire had Souther get out of the vehicle, and he asked Souther his name. Souther was "shaking like a leaf." Souther identified himself as "Jeffrey Souther," and Whitmire was able to pull up an identification photograph under that name. However, the photograph did not match.

Whitmire went back to Souther, told him "Jeffrey Souther" was not his name, and asked again for Souther's name. This time, Souther identified himself as "Benny Souther." At that point, Whitmire placed Souther under arrest for failure to identify. Whitmire ran the name "Benny Souther" and determined it was also not a match. Whitmire asked again for Souther's name, and Souther identified himself as "Terry Souther," said he had a parole warrant, and advised Whitmire that he was working with a Grayson County narcotics agent. Whitmire testified that, based upon his experience and training, when somebody is shaking, lying about who they are, and

–2–

"working with someone that's involved in drugs," he believes there might be drugs in the vehicle.

Once Whitmire identified Souther as "Terry Souther," he confirmed that Souther had a parole warrant. Whitmire placed Souther in the front passenger seat of his patrol unit and informed him that he was going to do an inventory search of Souther's vehicle. Whitmire testified it is department policy to conduct an inventory search of a vehicle that he was going to have towed in order to document the vehicle's contents. Inside Souther's car, Whitmire found black tar heroin in the driver's seat and methamphetamine, heroin, and Xanax pills in a sock under a cup holder. Whitmire found a total of 13.6 grams of heroin and 218.8 grams of methamphetamine in Souther's vehicle.

Souther's counsel confirmed with Whitmire that, at about nineteen minutes into a recording of the stop, Souther "specifically asked if the girlfriend at the laundromat can come take possession of the vehicle." Whitmire testified he refused Souther's request because, for officer safety, "we don't want to bring anybody else into that scene right there." Whitmire also testified that, even if the girlfriend had come to the scene, he still would have had to inventory the vehicle, and he did not believe the girlfriend would have been the registered owner of the vehicle because Souther did not "have a registration in his name at that point." The trial court denied Souther's motion to suppress. Following a jury trial, a jury convicted Souther of

possession of methamphetamine and heroin as charged in the indictment, and this appeal followed.

In his sole issue, Souther argues the trial court abused its discretion in denying his motion to suppress.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We give almost total deference to the trial court's findings of historical fact that are supported by the record and its application of the law to facts if the resolution of those questions turns on an evaluation of credibility and demeanor. *Id.* We review de novo the trial court's application of the law to the facts when the issue does not turn on credibility and demeanor. *Id.* The trial court is the exclusive trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony at the suppression hearing. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In reviewing a trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. CONST. amend. IV. A warrantless search of property is presumptively unreasonable subject to a few specifically defined and well-established exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). An inventory search of an automobile pursuant to a lawful impoundment is

–4–

such an exception and does not implicate the policies underlying the warrant requirement. *See Colorado v. Bertine*, 479 U.S. 367, 371 (1987); *Jackson v. State*, 468 S.W.3d 189, 194 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Before an inventory search is lawful, there must be a lawful impoundment. *Jackson*, 468 S.W.3d at 194. Among other situations, an automobile may be impounded if the driver is removed from the automobile and placed under custodial arrest and no other alternatives are available to ensure the protection of the vehicle. *Id.* In *Jackson*, a trooper stopped appellant and arrested him for outstanding warrants and conducted an inventory search of appellant's vehicle even though the trooper had contacted appellant's mother and given her fifteen minutes to arrive at the scene to pick up the vehicle. *Id.* at 191–97. The court reasoned that "[I]t was not reasonable to expect the Trooper to wait 15 minutes for the Defendant's mother to arrive, then take an additional 15–30 minutes to inventory the vehicle once he realized that she was not coming." *Id.* at 196.

Here, Whitmire stopped Souther for a traffic violation. After Souther failed to identify himself, Whitmire placed him under arrest, and upon confirming the parole warrant, conducted an inventory search of his vehicle incident to arrest in accordance with department policy. Souther had no passenger, no one else was available to take custody of his vehicle, and Whitmire was not required to wait to contact Souther's girlfriend or determine if someone else might be available to take possession of the vehicle. *See id.* Under these circumstances, we conclude the trial

court did not err in denying Souther's motion to suppress. *See Amador*, 221 S.W.3d at 673. We overrule Souther's sole issue.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210809F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRY WAYNE SOUTHER,
Appellant

No. 05-21-00809-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 071771.
Opinion delivered by Justice
Goldstein. Justices Myers and
Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered July 26, 2022