

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00739-CR

The **STATE** of Texas,
Appellant

v.

Aldo **GALINDO-ZAMORA**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 11,800
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
             Lori I. Valenzuela, Justice
             H. Todd McCray, Justice

Delivered and Filed: October 15, 2025

REVERSED AND RENDERED

The State of Texas appeals the trial court's order granting Appellee Aldo Galindo-Zamora's request for habeas relief. On September 27, 2023, this court affirmed the trial court's judgment on the ground that Appellee's rights to equal protection were violated, declining to rule on the Fifth and Sixth Amendment claims. On December 11, 2024, the Texas Court of Criminal Appeals vacated our opinion and remanded the case for us to consider the merits of the appeal in light of its decision in *Ex parte Aparicio*, 707 S.W.3d 189 (Tex. Crim. App. 2024), *cert. denied*

*sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). On August 12, 2025, we issued an opinion and judgment reversing the trial court's judgment and remanding for further proceedings consistent with the opinion.

Appellee subsequently filed a motion for reconsideration *en banc*. Acting *sua sponte*, we withdraw our August 12, 2025 opinion and judgment and substitute this opinion and judgment in their stead to address the Fifth and Sixth Amendment claims and to render judgment. *See* TEX. R. APP. P. 43.3 (appellate court should render judgment trial court should have rendered, except when remand is necessary for further proceedings or for another trial in the interests of justice); *see also State v. Lopez-Miranda*, No. 04-23-00153-CR, 2024 WL 3954213, at *3 (Tex. App.—San Antonio Aug. 28, 2024, no pet.) (mem. op., not designated for publication) (reversing and rendering judgment dismissing habeas application and reinstating information). For the following reasons, we reverse the trial court's order, render judgment denying Appellee's application for pretrial habeas relief, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass. Because we substitute this opinion and judgment for our August 12, 2025 opinion and judgment, we deny Appellee's motion for *en banc* reconsideration as moot.

BACKGROUND

Appellee was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). Appellee subsequently filed two pretrial applications for writ of habeas corpus, seeking dismissal of the criminal case against him. Appellee's first application argued the State engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. In Appellee's second pretrial application for writ of habeas corpus, he argued the State violated his Fifth Amendment due

process rights and Sixth Amendment right to counsel by facilitating his removal from the United States.

The trial court granted Appellee's habeas application, as supplemented. The record does not contain findings of fact or conclusions of law. In its order granting Appellee's application, the trial court stated: "After considering and conducting a hearing on Aldo Galindo-Zamora's Application for Writ of Habeas Corpus and supplements, the Court holds that Aldo Galindo-Zamora is entitled to relief. The application and all supplements are hereby GRANTED." The State timely filed its notice of appeal.

## DISCUSSION

On appeal, the State argues that Appellee's claims are not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application on the merits. Appellee responds that both his selective-prosecution and Fifth Amendment claims provide sufficient and independent grounds to affirm dismissal.[1]

### I. Standard of Review

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd). "However, when,

---

[1] Appellee does not contend on appeal that his Sixth Amendment claim provides a basis for relief. Appellee argues that the State waived any complaint regarding the Fifth Amendment basis for relief by its failure to address the basis on appeal. We hold the State did not waive a challenge to any Fifth Amendment basis for habeas relief because the State broadly contested the cognizability of Appellee's as-applied claims, and specifically as to the "as-applied challenge" asserted in Appellee's supplemental habeas application. *See* TEX. R. APP. P. 38.9 (specifying "substantial compliance" with briefing requirements "is sufficient"); *see also State v. Copeland*, No. PD-1802-13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication) ("Briefing rules are to be construed liberally, and substantial compliance with the Texas Rules of Appellate Procedure is sufficient to avoid waiving the right to appeal an issue."). The State's framing of a second "as-applied challenge," rather than separate Fifth and Sixth Amendment challenges, is understandable in light of the fact that Appellee argued his Fifth and Sixth Amendment claims together in his supplemental application and omitted any reference to the Fifth Amendment in the title of his supplemental application, titling it "Second Application for Writ of Habeas Corpus Seeking Dismissal For Sixth Amendment Violations."

the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)).

## II. Selective-Prosecution Claim

The State argues that a pretrial application for writ of habeas corpus based on a claim of selective prosecution is not cognizable on appeal. From our review, the facts in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the appellee's claim of selective arrest and prosecution was cognizable under the facts of that case. *Aparicio*, 707 S.W.3d at 202. Accordingly, we conclude that Appellee's claim is cognizable.

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Id.* at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id.* at 210 (emphasis in original) (citations omitted).

The claim and evidence here are substantively the same as those presented in *Aparicio*. *Id*. at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State's policy was motivated by a discriminatory purpose. *Id*. at 204. Therefore, Appellee's equal-protection claim does not provide a basis for habeas relief.

### III. Fifth and Sixth Amendment Claims

In Appellee's second pretrial application for writ of habeas corpus, he argued the State violated his right to counsel and due process rights, alleging:

> Due to his deportation, Mr. Galindo-Zamora's Sixth Amendment right to counsel is meaningless and his due process rights have been violated. Mr. Galindo-Zamora cannot assist Counsel in identifying where he was arrested, help locate witnesses to the alleged crime, or regularly consult and advise Counsel on trial goals or strategies. Mr. Galindo-Zamora cannot even attend his own trial to confront his accusers or be heard by this Court which wholly deprives him of the guarantees of due course of law.

In *Ex parte Dominguez Ortiz*, we considered and rejected the argument that a noncitizen habeas applicant, arrested on criminal trespass charges under OLS, was entitled to dismissal of the charges against him after being released on bond and removed from the country. 668 S.W.3d 126 (Tex. App.—San Antonio Feb 1, 2023, no pet.) (en banc) (op. on reh'g). We concluded that the Fifth and Sixth Amendment claims the applicant asserted in that appeal were not cognizable by pretrial writ of habeas corpus. *Id*. at 140. The claims Appellee asserts in this case are substantially similar to those we addressed in *Dominguez Ortiz*.[2] Therefore, we hold the trial court erred to the

---

[2] In an attempt to distinguish his case from *Dominguez Ortiz*, Appellee asserts in appellate briefing that the State violated his Fifth Amendment "right to trial" because "his deportation has wholly deprived him of his right to have a[n] in-person jury trial." Appellee's habeas application, however, asserts a narrower claim, similar to the one in *Dominguez Ortiz*. *See Dominguez Ortiz*, 668 S.W.3d at 139 (describing applicant's claim as asserting violations of applicant's rights "to prepare for and be present at one's own trial"). Like the applicant in *Dominguez Ortiz*, Appellee complains on appeal of an "inability to actually have a trial," but he "did not identify a right-to-trial claim in his habeas petition." *See id.* at 135 n.4.

extent it granted relief on the basis on these claims because they are not cognizable by pretrial writ of habeas corpus. *See id.*

## CONCLUSION

We reverse the trial court's order granting Appellee habeas relief, render judgment denying Appellee's habeas application, and reinstate the information charging Appellee with the misdemeanor offense of criminal trespass.[3]

PER CURIAM

DO NOT PUBLISH

---

[3] "[A] habeas proceeding is a separate proceeding from a criminal prosecution." *Ex parte Sheffield*, 685 S.W.3d 86, 100 (Tex. Crim. App. 2023); *see Lopez-Miranda*, 2024 WL 3954213, at *1 n.1. We do not have the record from Appellee's underlying criminal proceeding in the appellate record of this habeas appeal to confirm whether the underlying proceeding was dismissed following the trial court's grant of Appellee's application. Additionally, the trial court's order granting habeas relief does not specify that Appellee's underlying criminal proceeding was dismissed. Consequently, we reinstate the information charging Appellee to the extent it was actually dismissed.